United States Court of Appeals,

Fifth Circuit.

No. 95-31308

Summary Calendar.

Tyronne CLOFER, Plaintiff-Appellant,

v.

Kenneth L. PEREGO, Doctor;  Unknown Security Officers at LSP;  Larry Smith, Warden at LSP;
John P. Whitley; Susan Bankston, Doctor; Robert J. Barnes; Bert Ducote, Doctor; W. Riddle, Sgt.,
Defendants-Appellees.

March 3, 1997.

Appeal from the United States District Court for the Middle District of Louisiana.

Before WISDOM, KING and SMITH, Circuit Judges.

PER CURIAM:

Tyronne Clofer is a Louisiana State Penitentiary (Angola) inmate.  In October 1989, Clofer filed a § 1983 action against four members of the Angola medical staff, an emergency medical technician, and Warden John P. Whitley alleging their deliberate indifference to his serious medical needs.  Clofer requested declaratory and injunctive relief and monetary damages.

The district court found that Clofer's case presented exceptional circumstances under *Ulmer v. Chancellor,*[1] and appointed David Ferguson to represent Clofer.  In November 1992, Clofer moved the court to dismiss Ferguson for failure to provide adequate representation.  This motion was denied. As the case proceeded to trial, Ferguson consistently failed to appear for scheduled hearings. Ferguson missed pretrial conferences on March 19, 1993, January 7, 1994, and October 25, 1995. On November 15, 1995 the district court considered Ferguson's dereliction and determined that dismissal of the suit with prejudice was the appropriate sanction.

On November 28, 1995 Clofer filed a motion to reinstate his case arguing that it was unfair to punish him for his court appointed attorney's inadequate representation.  The district court denied

---

[1]691 F.2d 209 (5th Cir.1982).

this motion. Clofer appeals.

We review the district court's dismissal of an action for abuse of discretion.[2] A district court has the inherent authority to dismiss an action *sua sponte* for failure to prosecute, with or without notice to the parties,[3] but "[d]ismissals with prejudice are reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors".[4] "Those aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant."[5]

In this case, Ferguson alone is responsible for the plaintiff's failure to prosecute this action. Clofer was represented by an irresponsible attorney that the court refused to dismiss. In these circumstances, it is contrary to the most fundamental ideas of justice and fairness to punish Clofer for Ferguson's dereliction. Clearly, some sanction is appropriate, but we feel sanctions directed at the attorney would be more effective and at the same time preserve Clofer's right to a trial on the merits.

Accordingly, the district court's ruling is VACATED, and the case is REMANDED to the district court for entry of an order reinstating this action and consideration of the appropriate sanction.

---

[2] *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir.1985).

[3] *Link v. Wabash Railroad Co.,* 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962); *Rogers v. Kroger Co.,* 669 F.2d 317, 319-20 (5th Cir.1982).

[4] *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th cir.1985); *Rogers v. Kroger,* 669 F.2d 317, 320 (5th Cir.1982)

[5] *Boudwin,* 756 F.2d at 401 (citing *Morris v. Ocean Systems, Inc.,* 730 F.2d 248 (5th Cir.1984)).