IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40274
_____


RICHARD GAYDEN,

                                Plaintiff-Appellant,

        v.

GALVESTON COUNTY TEXAS; GALVESTON COUNTY JUVENILE PROBATION
DEPARTMENT,

                                Defendants-Appellees.

_____

                Appeal from the United States District Court
                     for the Southern District of Texas
                              (G-97-CV-132)
_____

                            March 24, 1999

Before KING, Chief Judge, STEWART, Circuit Judge, and LITTLE,
District Judge.[*]

KING, Chief Judge:[**]

        Plaintiff-appellant Richard Gayden appeals from the district

court's dismissal of his employment discrimination lawsuit, which

was dismissed because of the conduct of his attorney.  Marlene

Dancer Adams, plaintiff-appellant's attorney, appeals from an

_____

        [*]  District Judge of the Western District of Louisiana,
sitting by designation.

        [**] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

order of the district court that (1) assessed a $5000 fine against her payable to the district court, and (2) required her to reimburse defendants-appellees' counsel in the amount of $2500.

## I. FACTUAL AND PROCEDURAL BACKGROUND

What follows is the saga of the dilatory performance of Marlene Dancer Adams, plaintiff-appellant Richard Gayden's (plaintiff) counsel in this lawsuit. Adams filed suit on behalf of plaintiff on October 24, 1996 in the Southern District of Texas. Defendants-appellees Galveston County, Texas and Galveston County Juvenile Probation Department (collectively, defendants) were not served, however, until January 1997, necessitating the postponement of the initial pretrial and scheduling conference from February 3, 1997 to March 10, 1997. On February 21, 1997, defendants filed their answer and moved for a change of venue to the Galveston Division of the Southern District of Texas. On February 26, 1997, the district court granted the unopposed motion.

District Judge Samuel Kent of the Galveston Division of the Southern District of Texas thereafter ordered an initial pretrial and scheduling conference for August 6, 1997. On September 3, 1997, Judge Kent held a scheduling conference wherein, inter alia, he set December 30, 1997 as the discovery deadline and scheduled a pretrial conference for the week of January 12, 1998 before Magistrate Judge John Froeschner.

Defendants sent interrogatories to plaintiff on October 21, 1997. On November 24, 1997, Adams's secretary called defendants' counsel to request a few extra days to respond to the interrogatories. According to defendants, the secretary advised defendants' counsel that the interrogatory answers were finished but that Adams was away and would be back in a few days to review them. Defendants agreed to the requested extension. Thereafter, on December 15, 1997, defendants' counsel wrote a letter that advised Adams that the interrogatory answers were long overdue. The letter also noticed plaintiff's deposition for December 30, 1997 and advised Adams that a hearing had been scheduled for January 8, 1998. Adams faxed the interrogatory answers to defendants on December 19, 1997.[1]

Eleven days before the close of discovery, on December 19, 1997, Adams issued plaintiff's first discovery requests. Plaintiff noticed the depositions of the custodians of records of the Galveston County Legal Department, the Galveston County Juvenile Probation Department, and the Galveston County Human Resources Department. The depositions were scheduled for December 29, 1997. The notices included requests for a total of twenty-one categories of items. That same day, defendants filed motions to quash the deposition notices. Dissatisfied with

_____

[1] The certificate of service states that the answers were delivered on December 16, 1997. However, the path statement at the top of the document indicates that it was faxed on December 19, 1997. Plaintiff swore to the answers on December 15, 1997.

plaintiff's interrogatory answers received that day, defendants also filed a motion to compel.

On December 30, 1997, Magistrate Froeschner conducted a hearing on defendants' motions. That morning, plaintiff had filed a motion to quash the subpoena duces tecum attached to the notice of his deposition scheduled for later that day. Magistrate Froeschner denied plaintiff's motion to quash and denied defendants' motion to compel regarding plaintiff's interrogatory answers, but prohibited plaintiff from offering expert testimony at trial. He also quashed plaintiff's subpoenas in regard to many of the documents requested from the custodians of records. Finally, Magistrate Froeschner moved the deadline for the pretrial order to noon on January 14, 1998. The pretrial conference was scheduled for January 15, 1998.

On January 6, 1998, plaintiff attempted to file an amended complaint.

On January 8, 1998, Judge Kent conducted a docket call, notice of which had been sent to all counsel of record on December 10, 1997. Plaintiff and Adams did not appear at the docket call, and did not notify the district court that they would not be appearing. As a result, Judge Kent dismissed the case for want of prosecution in an order dated January 8, 1998. On January 9, 1998, Judge Kent filed an order striking plaintiff's first amended complaint, filed January 6, 1998, for failure to request leave of the court.

4

On January 22, 1998, plaintiff filed a Rule 59(e) motion, seeking to have the case reinstated. In this motion, Adams argued that she missed the January 8, 1998 docket call because, during the December 30, 1997 hearing, she recalled Magistrate Froeschner stating, after he moved the deadline for the joint pretrial order to January 14, 1998, "that docket call would be the day after the joint pre-trial order was due, or January 15, 1998, since the joint pre-trial order guides the Court at docket call as to issues and settlement possibilities." According to Adams, she therefore changed the date of the docket call in her calendar system from January 8, 1998 to January 15, 1998. Her motion also informed the district court that she had never before missed a docket call in over seventeen years of practicing law, and then set forth arguments as to why the district court's ruling was legally inappropriate under Federal Rules of Civil Procedure 16(f), 41(b), and the court's inherent power to manage attorneys practicing before it.

Defendants responded to plaintiff's Rule 59(e) motion by bringing to Judge Kent's attention that Magistrate Froeschner had never stated that he was moving the date of the docket call. Instead, the transcript of the December 30, 1997 hearing reflects that the only date that Magistrate Froeschner changed was the date of the deadline for the pretrial order. Magistrate

Froeschner explicitly stated that all other dates would remain the same.[2]

Thereafter, on February 13, 1998, the district court entered an order conditionally granting plaintiff's Rule 59(e) motion. In his order, Judge Kent expressed irritation with the tenor of plaintiff's motion. In Judge Kent's view, the motion did not accept responsibility for the failure to appear at the January 8, 1998 docket call, instead blaming Magistrate Froeschner, and was condescending in its explanation of the court's power to dismiss the case. Nevertheless, concluding that lesser sanctions would be effective, Judge Kent agreed to grant plaintiff's Rule 59(e) motion and vacate his order dismissing plaintiff's case provided that, by February 27, 1998, Adams personally paid a $5000 fine to the district court and reimbursed defendants' counsel $2500 for the costs and attorneys' fees incurred due to plaintiff's failure to appear at the docket call.[3] The district court's order explicitly stated that failure to pay the fine or reimburse the

---

[2]  According to the transcript, Magistrate Froeschner stated:

> I'll move the pretrial order deadline 'til the 14th at noon because the next day at 11 is when we're going to have the pretrial conference and I don't want to get it at 9:30 in the morning. So by noon I want the pretrial order here. So that ought to give you plenty of time to plug in anything new. Other than that, everything else will remain as is.

[3]  Judge Kent noted that he typically fined attorneys $250 for failing to appear. He stated, however, that he believed that the facts of this case warranted a harsher sanction. He also instructed Adams to make the payments exclusively from her own funds and not to seek reimbursement from plaintiff or from any settlement proceeds.

defendants would result in the denial of plaintiff's Rule 59(e) motion and a dismissal of plaintiff's claims pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(C).

Adams did not make the payments ordered by the district court and did not contact the court prior to the February 27, 1998 deadline. The district court therefore issued a final judgment, filed March 6, 1998, that reinstated the dismissal of plaintiff's claims without prejudice.[4] Plaintiff and Adams filed a joint notice of appeal on March 13, 1998.

On appeal, Adams argues that she mistakenly believed that, because Magistrate Froeschner moved the deadline for the pretrial order to the day before the pretrial conference, the docket call was therefore scheduled to take place during the pretrial conference. She argues that her Rule 59(e) motion did not attempt to place blame on Magistrate Froeschner for the misunderstanding, that she admitted that she was confused in her motion, and that at no point in the motion did she argue that the district court held docket call on the wrong date, that Magistrate Froeschner had set the docket call for a different date, or that Magistrate Froeschner had attempted to mislead her. Instead, according to Adams, she mistakenly believed that the

---

[4] Because the statute of limitations for plaintiff's claims had expired, the dismissal was a de facto dismissal with prejudice. "'Where further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.'" Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992) (alterations in original) (quoting McGowan v. Faulkner Concrete Pipe Co., 659 F.2d 554, 556 (5th Cir. Unit A Oct. 1981)).

docket call would take place during the pretrial conference, and her Rule 59(e) motion was merely an attempt to communicate the basis for her mistaken belief to the district court.  She urges this court to find that the district court abused its discretion by dismissing plaintiff's case.  She also urges us to find that the order requiring her to make payments totaling $7500 was an abuse of the district court's discretion because the amount to be paid was higher than the amount normally assessed by the district court in similar situations.

## II.  STANDARD OF REVIEW

We review sanctions imposed by the district court, including the involuntarily dismissal of a case, to determine whether the district court abused its discretion.  See Maguire Oil Co. v. City of Houston, 143 F.3d 205, 208 (5th Cir. 1998) (reviewing imposition of sanctions for abuse of discretion); Woodson v. Surgitek, Inc., 57 F.3d 1406, 1417 (5th Cir. 1995) (reviewing involuntary dismissal for abuse of discretion); Topalian v. Ehrman, 3 F.3d 931, 934 (5th Cir. 1993) (reviewing imposition of sanctions for abuse of discretion).  It is an abuse of discretion to impose sanctions if the factual findings on which the sanctions are based are clearly erroneous or if the district court is operating under an erroneous view of the law.  See Maguire, 143 F.3d at 208.

## III.  DISCUSSION

The district court dismissed plaintiff's case under Federal Rules of Civil Procedure 16(f) and 37(b)(2)(C).  Seeing no need

8

to restate legal principles with which both the district court and the parties are intimately familiar, we first consider the district court's February 13, 1998 order requiring Adams to make payments totaling $7500. Adams challenges this order on the ground that the district court incorrectly justified its order by finding bad faith on her part, and on the ground that the amount of the required payments is too high. She argues that because she did not miss the docket call in bad faith, and because the district court normally imposes $250 fines for missed docket calls, the fine against her should be limited to $250.

Her arguments lack merit. The district court stated that it was imposing a higher fine in this case because, in her Rule 59(e) motion, Adams misrepresented what happened at the conference in front of Magistrate Froeschner in a manner that the district court interpreted as an attempt to shift the blame away from herself. In her Rule 59(e) motion, Adams did misattribute to Magistrate Froeschner the statement "that docket call would be the day after the joint pre-trial order was due, or January 15, 1998." The transcript reveals that Magistrate Froeschner made no such statement, as defendants pointed out to Judge Kent in their response to the Rule 59(e) motion. The district court further justified its sanction because of "the facts and the troubling nature of Plaintiff's conduct and attitude in this case," including the numerous instances of delay recounted above. Based on the misrepresentation found in Adams's Rule 59(e) motion and based on the pattern of delay apparent from the record, the

district court did not abuse its discretion by imposing a higher fine than it normally imposes.

As to the exact amount of the fine, at no time between the February 13, 1998 order and the March 6, 1998 order dismissing the case did Adams argue before the district court that the amount the district court ordered her to pay was unreasonable or excessive.  We thus have no record before us from which to assess whether the amount the district court ordered Adams to pay was unduly burdensome.  We decline to consider the amount of the fine because it was not challenged below.[5]  See United States ex rel. Wallace v. Flintco Inc., 143 F.3d 955, 971 (5th Cir. 1998); Abbott v. Equity Group, Inc., 2 F.3d 613, 627 n.50 (5th Cir. 1993).  However, because Adams's behavior has caused the defendants to incur additional expenses on this appeal, in the exercise of our discretion, we modify the $5000 award owed to the district court so that Adams is ordered to pay $1500 of that amount to the defendants' counsel as compensation for their expenses associated with this appeal and $3500 directly to the district court.  We affirm the order as modified.

_____

[5]  We note, however, that the $2500 the district court ordered Adams to pay to defendants' counsel was proper because, as a sanction for failing to appear at a scheduling or pretrial conference, the district court is authorized by Rule 16(f) to require an attorney to pay the reasonable expenses, including attorneys' fees, that her opponent incurred because of the attorney's failure to appear.  See FED. R. CIV. P. 16(f).  There is no indication from the record that $2500 is not commensurate with the expenses defendants' counsel incurred in conjunction with the missed docket call.

As to the district court's March 6, 1998 judgment of dismissal, we confess we are reluctant to punish plaintiff for the failings of his attorney.  See Clofer v. Perego, 106 F.3d 678, 680 (5th Cir. 1997); Callip v. Harris County Child Welfare Dep't, 757 F.2d 1513, 1522 (5th Cir. 1985); Morris v. Ocean Sys., Inc., 730 F.2d 248, 253 (5th Cir. 1984).  While the frustration of the district court with the performance of plaintiff's counsel is understandable, to say the least, after reviewing the record, we conclude that the district court abused its discretion in dismissing plaintiff's case.

Adams is ordered to make the payments required by the district court's February 13, 1998 order as modified within thirty days of the issuance of our mandate.  If she fails to do so, then the district court will be justified in dismissing plaintiff's case.  Moreover, if any further dilatory conduct occurs, then the district court will certainly have a predicate for severe sanctions, up to and including dismissal.

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the February 13, 1998 order of the district court as modified, VACATE the district court's March 6, 1998 judgment of dismissal, and REMAND for further proceedings consistent with this opinion.

11