# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

―――――――――

m 99-30878
Summary Calendar

―――――――――

LUIS HERRERA,

Plaintiff-Appellant,

VERSUS

COMPUTER SCIENCES CORPORATION, et al.,

Defendants,

COMPUTER SCIENCES CORPORATION,

Defendant-Appellee.

―――――――――

Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CV-3896-B)

―――――――――

January 26, 2000

Before SMITH, BARKSDALE, and
PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Luis Herrera sued for alleged violations of title VII, but, after a bevy of delays, the suit was dismissed for want of prosecution. He filed a motion for reconsideration of the dismissal under FED. R. CIV. P. 60(b), which was denied. Finding no reversible error, we affirm.

## I.

In May 1997, the district court set a trial date of October 20, 1997. On October 16, Herrera moved for a continuance, citing mental unfitness to appear in court. The trial was rescheduled for April 6, 1998. On March 10, 1998, Herrera again moved for continuance because his attorney was undergoing surgery and was unable to attend. The court granted the continuance and set trial for October 19, 1998.

On October 13, 1998, perhaps predictably by now, Herrera's counsel sought to withdraw because of "irreconcilable conflicts" with Herrera. The case was administratively closed and the trial date continued, but this time with instructions to Herrera, before November 16, 1998, to enroll new counsel, provide medical reports illustrating his disability, and submit a required pre-trial order. The court explained that dismissal would follow a failure to comply. Herrera's first response came on

―――――――――

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

November 24, 1998, when two attorneys petitioned to enroll as his counsel. The court granted leave, providing thirty days in which CSC might "verify the medical information provided by plaintiff," and provided Herrera "an additional thirty days" to submit a completed pre-trial order.

Herrera read these grants as conjunctive, providing an extra sixty days in which to present the pre-trial order, while CSC and the court intended only a thirty-day grant. Nevertheless, Herrera failed to meet even this self-extended deadline. Not until February 11, 1999, did he file anything more, this time in the form of a motion to "determine the scope of the complaint" and to receive a further extension of time to file the pre-trial order.

By judgment entered April 21, 1999, the district court denied Herrera's motions. In the exercise of its inherent power to dismiss claims for failure to prosecute, the court rendered judgment in favor of CSC and against Herrera, dismissing his claims.

On May 3, 1999, Herrera filed a motion for reconsideration. The court dismissed the motion "without prejudice to reurge." Herrera resubmitted it on July 21, 1999, following an unsuccessful settlement conference. The court again denied the motion.

## II.

Appeal of the denial of a motion for reconsideration filed more than ten days after a grant of judgment is treated as an appeal of the denial of a motion under FED. R. CIV. P. 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). On appeal of the denial of a rule 60(b) motion, "our review is limited to whether the [d]istrict [c]ourt abused its discretion in denying the . . . motion." *Ta Chi Navigation (Panama) Corp., S.A. v. United States*, 728 F.2d 699, 703 (5th Cir. 1984). The denial of a rule 60(b) motion "does not bring up the underlying judgment for review." *Id.* Thus, "[t]he decision under Rule 60(b) is discretion piled on discretion, and . . . such doubly discretionary decisions stand unless the judge was very far off baseSSif the judge relied on

forbidden factors or omitted to consider some important relevant factor." *Tolliver v. Northrop Corp.*, 786 F.2d 316, 318 (7th Cir. 1986).

## III.

Herrera builds his argument on a mistaken quotation. He quotes *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997), for the proposition that "dismissals with prejudice are reserved for the most egregious of cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." The *actual* passage from *Clofer* says that "dismissals with prejudice are reserved for the most egregious of cases, *usually cases* where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." *Clofer*, *id.* (emphasis added). Herrera's misquote obfuscates the fact that dismissal of a motion with prejudice is appropriate in cases in which clear delay, ineffective lesser sanctions, and at least one aggravating factor are not present. Under our highly constrained standard of review, we would be hard pressed, should one or more of these factors be lacking, to find that the district court erred.

Nevertheless, we do not find any factor missing. The story of continuance after continuance, year upon year, which is briefly outlined above, constitutes "clear delay." That lesser sanctions have proven ineffective is demonstrated by the fact that the district court, in its patience, cajoled and warned Herrera, and specifically ordered definitive progress at definitive times, all without effect.

Finally, the "aggravating factors" of which *Clofer* speaks "*include* (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant." *Id.* The court found that the delays in this case redounded "solely" to the responsibility of the Herrera, rather than to his old or new counsel.

New counsel objects to this characterization. Whether the responsibility is "solely" Herrera's, though, is beside the point.

The record indicates that at least some of the delays are directly his fault, as when he claimed a mental state too frail to proceed, but then refused to be examined by the defendant's doctors unless the meeting was recorded. This is not only "intentional" conduct, but is also conduct "caused by him personally."

It goes without saying, meanwhile, that years of delay and continued litigation, or the threat thereof, caused prejudice to CSCSSthe prejudice of foggy memories, absent witnesses, and increased legal bills. So, though the *Clofer* court did not pretend, as Herrera would have had it do, that its list of "aggravating factors" was exhaustive, Herrera nonetheless seems to have aggravated in every stated way.

Under these circumstances, we can hardly find that the district court abused its substantial realm of discretion in dismissing this case with prejudice. AFFIRMED.