United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————

05-10867

—————————

In The Matter Of:   LEWIS EUGENE WOOD,

Debtor,

*******************************

JAMES P. GRAHAM;
RAY S. TOLSON, III,

Appellants,

v.

LEWIS EUGENE WOOD,

Appellee.

—————————————————————————

Appeal from the United States District Court for the
Northern District of Texas
(05-CV-332)

—————————————————————————

Before JONES, Chief Judge, and BARKSDALE, and BENAVIDES, Circuit
Judges.

BENAVIDES, Circuit Judge:[*]

    This appeal is from the dismissal of a bankruptcy proceeding

for failure to prosecute.  Applying our precedent, we conclude that

———————————————

    [*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

there is not a clear record of delay or contumacious conduct by the Appellants. Further, the record does not show either that the court determined that lesser sanctions would not prompt diligent prosecution or that it employed lesser sanctions which proved to be futile. Under those circumstances, the bankruptcy court abused its limited discretion in dismissing for failure to prosecute. We therefore vacate and remand for further proceedings.

I.    BACKGROUND AND PROCEDURAL HISTORY

Appellee Lewis Wood ("Appellee") procured a loan of $250,000 from Dallas National Bank. Pursuant to an agreement, James P. Graham and Ray S. Tolson, III ("Appellants") provided land as collateral for the loan. Appellee agreed to use the proceeds of the loan to fund a portion of construction costs for a project by Urban Woods on Commerce, Ltd. ("Urban Woods"). In exchange for providing this collateral, Appellants were to receive a portion of the profits from the project. Appellants allege that Appellee did not use the monies in conjunction with Urban Woods; instead, they allege that he diverted the monies to his other "projects and/or companies." The project failed, and Appellee defaulted on the loan. Appellants assert that, as guarantors, they were required to pay off the loan to Dallas National Bank.

Appellee later filed for personal bankruptcy protection. Appellee listed a debt of approximately $300,000 owed to Tolson, one of the Appellants. On March 22, 2004, pursuant to 11 U.S.C. section 523(a)(2) and (a)(4), Appellants filed their objection to

2

the dischargeability of the debt.  Three days later, the bankruptcy court entered a scheduling order setting the trial docket call for August 9.  On March 30, the bankruptcy court dismissed the complaint because Appellants had not paid the filing fee.  On April 5, Appellants filed a motion to vacate the dismissal order.[1]  The court granted Appellants' motion, vacated the dismissal order on April 7, and reinstated the scheduling order.

On May 12, Appellee filed an answer.  On May 14, Appellants filed a first amended objection to dischargeability, which Appellees answered on May 24.  Meanwhile, Appellants had served Appellee with requests for production of documents and interrogatories.  On June 18, Appellants received Appellee's answers to the interrogatories and response to the request for production.  Appellants deemed the responses insufficient and filed a motion to compel discovery and to impose sanctions on July 8.  On July 22, the court ordered Appellee to file a detailed response to the motion to compel.  Appellees filed a response on August 4.

At the trial docket call on August 9, the bankruptcy court continued the trial docket call to November 8.  Notably, Appellants did not move for the continuance.  The court apparently continued

_____

[1]  In the motion, counsel indicated that, after receiving a phone call from the clerk advising that fees were due, his secretary mailed the check on March 29.  The next day he received a notice of fees due dated March 24 and also learned of the dismissal order.  Counsel indicated that the failure to pay timely was "not intentional, nor the result of conscious indifference, but was accidental."  Finally, counsel argued that reinstating the case would not cause delay or prejudice.

3

it because of the discovery dispute. The discovery deadline was rescheduled for October 12.

On September 1, the bankruptcy court granted Appellants' motion to compel discovery and ordered Appellee to furnish additional responses to the interrogatories. On September 15, the parties filed a stipulation that Appellee had supplemented his responses to the interrogatories and request for production of documents pursuant to the court's order. On October 21, Appellee filed a witness list indicating that he would be the only defense witness for the trial scheduled for the week of November 15, 2004.[2] On October 26, Appellants filed a witness list comprised of the parties to the suit and "any person listed in Plaintiffs' responses to discovery."[3] In that filing, Appellants further indicated to the court that they had:

> received six boxes of documents on October 22, 2004 related to the transaction that is the subject of this suit and Plaintiffs' counsel have not had time to review in any detail the documents provided by Debtor/Defendant. Dallas National Bank, a non-party, has not yet responded to discovery requests. Therefore, in the interest of justice Plaintiff intends to file a Motion for Continuance.

---

[2] That exhibit list indicated Appellee intended to introduce the following exhibits at trial: (1) "Note to Dallas Bank"; (2) "Assignment of Net Profits Interest dated November 3, 2000"; (3) "Any exhibits timely designated by Plaintiffs"; and (4) "Any exhibits used for impeachment."

[3] Appellants also listed these categories of exhibits: (1) documents designated by the defendant; (2) documents provided to plaintiff by debtor/defendant; and (3) "[b]ank records of any account of Debtor/Defendant or any of his companies."

4

On November 8, Appellants filed a motion to continue the trial setting to allow discovery to be completed. In the motion, Appellants provided as follows:

> On May 21, Graham and Tolson sent their first round of paper discovery. On June 18, responses with objections were received by Graham. On July 8, Graham filed a Motion to Compel and an Order was issued on August 31. On September 10, Graham received supplemental responses from Defendant. On October 11, Graham sent a Subpoena to Dallas National Bank for documents and cancelled checks. Those documents were received by Graham on November 1, but did not include deposit slips. On October 25, a Witness List and notice that Graham would seek a continuance was filed because he had not received essential documents. On November 1, Plaintiffs received documents from Dallas National Bank including a copy of a wire transfer of fund to American Title Company. On November 5, Graham sent a Subpoena to American Title Company and on November 8 sent a subpoena to Bank of Texas, Tulsa, Oklahoma for documents.

> In spite of Plaintiffs' diligence, essential records are required, including documents showing the use of the loaned funds. Additional subpoenas have been issued for documents held by American Title Company Dallas (the recipient of the loan proceeds) and Bank of Texas, Tulsa, Oklahoma (the holder of the bank deposit slips which were not among the documents produced by Defendant).

> Graham and Tolson issued a non-party subpoena to Dallas National Bank on October 11, 2004 to obtain the entire record of the transaction. The bank provided a response on November 1, 2004, which showed a wire transfer of $242,000.00 into a previous[ly] unknown account of Defendant at American Title Company. Graham and Tolson issued a subpoena to American Title, but no response has yet been received.

Later that same day, the bankruptcy court held its previously scheduled docket call. Appellants announced not ready for trial, and from the bench the court dismissed the case for failure to

5

prosecute.[4]  On November 15, the bankruptcy court entered a written order dismissing the case.  In its entirety, the order provided that:

> THIS CAUSE having come before this Court on November 8, 2004, for Docket Call on Plaintiff's Complaint to Determine Dischargeability of Debt, and the Plaintiffs, having announced that they were not ready for trial, and having no reasonable explanation for the need for a continuance, and this being a continued Docket Call from August 9, 2004, it is, therefore ORDERED, ADJUDGED and DECREED that:
>
> The above-styled and numbered adversary proceeding shall be and is hereby DISMISSED FOR WANT OF PROSECUTION.

Appellants subsequently filed a motion to reinstate or in the alternative a motion for a new trial, both of which the bankruptcy court denied in a written order.  In a memorandum opinion and order, the district court affirmed the bankruptcy court's judgment, which Appellants now appeal.

III. ANALYSIS

A.   Dismissal for Failure to Prosecute

Appellants argue that the bankruptcy court erred in dismissing the case for failure to prosecute.  Although the order did not provide whether the dismissal was with prejudice, this Court has treated a dismissal for failure to prosecute as an involuntary dismissal under Federal Rule of Civil Procedure 41(b), which is a

---

[4]  Although the court did not expressly rule from the bench on the motion to continue, it implicitly denied it by dismissing the suit.

6

dismissal with prejudice.[5] *See Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 400 n.1 (5th Cir. 1985).

This Court reviews a dismissal with prejudice for failure to prosecute for abuse of discretion. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992). "A dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Id.* (internal quotation marks and citations omitted). Thus, we have limited a trial court's discretion to dismiss cases with prejudice. *Id.* More specifically, we have found no abuse of discretion only if "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* (citations and footnote omitted). Further, when this Court affirms such a dismissal, it usually finds one of the following aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (internal quotation marks and citations omitted) (brackets in opinion).

Here, the bankruptcy court's order of dismissal provides that (1) Appellants did not have a reasonable explanation for the need for a continuance when they announced not ready for trial and that

---

[5] Rule 41(b) is made applicable by Bankruptcy Rule 7041.

(2) this was a continued docket call from August 9. The continuance from the August 9 docket call, however, appears to be based on a discovery dispute, which the court ultimately resolved in Appellants' favor. That continuance should not weigh against Appellants. As set forth above, this Court must determine whether there is contumacious conduct by the plaintiff or a clear record of delay.

"Contumacious Conduct"

Appellee asserts that Appellants' failure to: (1) timely pay the filing fee; (2) move for leave of court to file an amended pleading after a responsive pleading had been filed;[6] (3) file proposed findings of fact and conclusions of law; and (4) "formally request a continuance" until docket call constitute contumacious conduct. "Contumacious" is defined as "stubbornly perverse or rebellious; willfully disobedient." Webster's College Dictionary 297 (1995). It is worth noting that neither in its order of dismissal nor its order denying the motion to vacate the dismissal order and reinstate the case did the bankruptcy court rely on the second and third "failings" alleged above by Appellee.

Although counsel failed to timely pay the filing fee, once notified of the error counsel quickly rectified it and, in the successful motion to reinstate the case, indicated that it was not intentional. With respect to failing to move for leave to file an

---

[6] Appellee relies on Rule 15 of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7015.

8

amended pleading, at oral argument Appellants pointed out that the amended complaint was filed just two days after Appellee's responsive pleading, suggesting the pleadings may have "crossed in the mail." With respect to the "failure" to file proposed findings of fact, Appellants state that they did not do so because, as represented to the court in their October 26 filing, they intended to (and later did) move for a continuance. Although Appellants should have timely filed the motion for a continuance, they provided both the court and opposing counsel notice of their intent to do so approximately two weeks prior to the docket call. Ultimately, Appellants did belatedly file it prior to dismissal. We conclude that although counsel's conduct may appear careless, it does not constitute "willfully disobedient" conduct.

"Clear Record of Delay"

We have explained that a clear record of delay entails "significant periods of total inactivity." *Berry*, 975 F.2d at 1191 n.5 (internal quotation marks and citation omitted). Referring to Appellants' issuance of a subpoena the day before the discovery deadline, Appellee argues that "[w]hen a party faced with a deadline 27 days away does nothing for 26 days, that is a significant period of time." Twenty-six days does not constitute a significant period of time under our precedent. "[O]ur cases recognize that delay which warrants dismissal with prejudice must be longer than just a few months . . . ." *McNeal v. Papasan,* 842

9

F.2d 787, 791 (5th Cir. 1988). This Court has made clear that dismissals are for "egregious and sometimes outrageous delays." *Rogers v. Kroger*, 669 F.2d 317, 321 (5th Cir. 1982). *See Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519-21 (finding clear record of delay after plaintiff missed nine deadlines in two and one-half years); *Delta Theatres v. Paramount Pictures*, 398 F.2d 323 (5th Cir. 1968) (affirming dismissal of a particularly egregious fourteen-year old case that was dormant for seven years). Further, the 26-day period relied upon by Appellee is only one time period, and our precedent indicates that there must be "significant periods," plural. The instant case was filed in March 2004 and dismissed for failure to prosecute less than eight months later. *See Morris v. Ocean Systems,* 730 F.2d 248, 252 (5th Cir. 1984) (holding that the court "exceeded its well-defined discretion" in dismissing for failure to prosecute when only eight months elapsed from date of the first status conference to the date of its dismissal).

In numerous cases, this Court has concluded that a "plaintiff's failure to comply with scheduling and other pretrial orders and rules did not establish a clear record of delay or contumacious conduct." *Callip,* 757 F.2d at 1520 & n.10 (collecting cases). We explained that "[m]ost of these cases involve noncompliance with two or three orders or rules of the district court." *Id.* at 1520-21.

10

For example, in *Rogers*, this Court held that a district court abused its discretion in dismissing for failure to prosecute. 669 F.2d 317. In that case, Rogers filed a racial discrimination suit against his employer, Kroger, on May 8, 1978. The case was on the docket a total of two years and four months and, during that time, lay dormant for over a year. The parties filed two agreed or stipulated motions to extend deadlines, and the plaintiff and the defendant each filed two motions to extend various discovery deadlines, which resulted in changing the date of the docket call twice.

Additionally, on September 8, 1980, the plaintiff filed a motion to continue the trial, arguing that there had not been adequate time to prepare because the defendant's responses to interrogatories were filed ten days late. Two days later, the court "called the case for trial." *Id.* at 319. New counsel appeared on behalf of Rogers and requested that she be substituted as counsel. She also requested a two-week continuance, explaining that she was unprepared to proceed to trial because of difficulties assimilating the defendant's interrogatory responses. Defense counsel objected and announced ready for trial. After reviewing the procedural history of the case, the court, noting that counsel had been unprepared without cause in a previous case, denied the continuance and dismissed for failure to prosecute under Rule 41(b).

11

On appeal, this Court conducted a thorough review of our caselaw with respect to dismissals for failure to prosecute. *Rogers,* 669 F.3d 319-21. We observed that "cases in this circuit in which dismissals with prejudice have been affirmed on appeal illustrate that such a sanction is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." *Id.* at 320 (footnote omitted). Further, we noted that, although the majority of the pretrial delay was attributable to the plaintiff, some was attributable to the defendant. We concluded that "Rogers' case lacks all of the elements that justified dismissal with prejudice in our appellate decisions affirming such Rule 41(b) dismissals." *Id.* at 321. Thus, we held that the district court had abused its discretion in dismissing the case and reversed and remanded.

The instant case was on the docket a total of only eight months, while the *Rogers* case lay dormant over a year. Also, in *Rogers*, the docket call date was continued twice, and, in the instant case, the docket call date was continued once. Indeed, the only docket call continuance occurred because of a discovery dispute that ultimately was resolved in Appellants' favor. Therefore, because Appellee's conduct in responding to discovery requests resulted in continuing the first docket call, that delay is attributable to Appellee. Further, Appellant filed only one

12

motion for an extension of time, and, in *Rogers*, the plaintiff had filed several such motions. Although Appellants' counsel should have filed the motion to continue in a more timely manner, counsel had notified the court of his intention to so move approximately two weeks prior to the docket call. In short, the record in *Rogers* evidences more delay than the case at bar. Accordingly, in light of our holding that the facts of *Rogers* did not demonstrate a record of clear delay, we are compelled to conclude that this record falls short of clear delay.

No Consideration of Lesser Sanctions

Additionally, there is no indication that the court had considered whether lesser sanctions might be appropriate. This Court has explained that "[a]ssessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Rogers*, 669 F.2d at 321.

Nonetheless, relying on *Sturgeon v. Airborne Freight*, Appellee argues that dismissing with prejudice was a lesser sanction in that Appellants were not exposed to possible liability for costs. 778 F.2d 1154, 1159-60 (5th Cir. 1985). We find *Sturgeon* inapposite. In *Sturgeon*, the case had been called to trial, and a jury had been selected prior to the plaintiff moving for a continuance. "A party

13

cannot ordinarily be allowed to force an unmerited continuance by simply refusing to go forward with a trial in which the jury has already been selected." *Id.* at 1160 (citation omitted). Here, although there was a trial docket call, the case had not been called to trial.[7] We do not find *Sturgeon* controlling. Assuming *arguendo* that the lesser-sanctions factor is satisfied, because there was not a clear record of delay or contumacious conduct by Appellants, the dismissal for failure to prosecute is still error.[8]

Aggravating Factors

Further, there is no indication that any of the three aggravating factors listed above are present in this case. First, there is no indication that the delay was caused by Appellants (as opposed to their counsel). Second, in his brief, Appellee does not even attempt to argue that he has or would suffer actual prejudice

---

[7] Moreover, we found the plaintiff's actions in *Sturgeon* constituted intentional conduct. *Id.* at 1160-61. Here, Appellants notified both the court and Appellee that they were going to file a motion for continuance approximately two weeks prior to the docket call. Although counsel's belated filing of the motion for continuance is not to be commended, we are not prepared to characterize it as intentional conduct.

[8] This Court very recently questioned (but did not decide) whether there is some tension in our caselaw with respect to the standard used to determine whether the lesser-sanctions factor is satisfied. *Sealed Appellant v. Sealed Appellee,* 452 F.3d 415, 417 n.3, 420 (5th Cir. 2006). As set forth previously, because the first factor regarding clear record of delay or contumacious conduct was not established, even assuming the lesser-sanctions factor was shown, it was error to dismiss for failure to prosecute. Thus, we find it unnecessary to reach the question raised in *Sealed Appellant* regarding the proper standard for determining whether the lesser-sanctions factor is met.

14

due to the delay.  Third, the evidence does not indicate that the conduct was intentional.

In conclusion, although Appellants' counsel was not "an exemplar of efficiency, [the] conduct simply did not equal the delinquencies that this court has found amount to a clear record of delay in affirming other Rule 41(b) dismissals with prejudice." *Rogers*, 669 F.2d at 321.  Accordingly, although we are mindful of and respect the right of a trial court to control its busy docket, our precedent instructs that the bankruptcy court abused its limited discretion in dismissing for failure to prosecute on this record.

B.    Denial of Motion for Continuance

Finally, Appellants argue that the bankruptcy court abused its discretion in failing to grant their motion for a continuance.  For purposes of completeness and to ensure adequate time for Appellants to prepare their case on remand, we address the error in denying the motion for continuance.  This Court reviews the denial of a motion to continuance for abuse of discretion and "will not substitute our judgment concerning the necessity of a continuance for that of the district court unless the complaining party demonstrates that it was prejudiced by the denial."  *See Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal quotation marks

omitted).  This is a closer question in that, unlike in the context of dismissing for failure to prosecute, a trial court's discretion to deny a continuance is not limited.

Nonetheless, as noted above, this was Appellants' first motion for a continuance, and the case had been on the bankruptcy court's docket for less than eight months.  As set forth previously, the court continued the first docket call apparently because of a discovery dispute that ultimately was resolved in Appellants' favor.  Because Appellee's conduct in responding to discovery requests resulted in that continuance, such delay is attributable to Appellee.  Moreover, Appellants have argued that the denial of a continuance prejudiced them.  According to Appellants, as a result of their November 8 subpoena, they later received documents revealing that the proceeds of the loan had been transferred to the Bank of Tulsa.  On November 12, 2004, Appellants subpoenaed the bank, and bank records received indicated that the loan proceeds were not used to fund the Urban Woods project as promised.  Because Appellants assert they now are able to prove that Appellee used the proceeds in violation of their agreement,[9] they have alleged sufficient prejudice as a result of the denial of their first continuance request.  Although we respect the bankruptcy court's

---

[9]  Appellee did not respond to these allegations in his brief. At oral argument, without explication, Appellee's counsel asserted that Appellee had a defense.

16

right to control its busy trial docket, under these particular circumstances, we conclude that the court abused its discretion in denying Appellants' motion for a continuance.


IV.  CONCLUSION

For the foregoing reasons, we REVERSE the dismissal order and REMAND for proceedings consistent with this opinion.