# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2008

Charles R. Fulbruge III
Clerk

No. 08-30008 & 08-30010
Summary Calendar

CALVIN HICKERSON, SR

Plaintiff-Appellant

V.

MR ROWLAND CHRISTIAN, Director U.S. Department of Veterans
Affairs; JAMES NICHOLSON, Secretary Department of Veterans
Affairs; DANIEL COOPER, Under Secretary of Benefits
Department of Veterans Affairs; BOARD OF VETERANS APPEALS
DIRECTOR, Department of Veterans Affairs; APPEALS MANAGEMENT
CENTER, (APC) Department of Veterans Affairs Board of Veterans Appeals;
UNITED STATES COURT OF APPEALS FOR THE VETERANS CLAIMS;
JOHN CHURCH, Director Veterans Affairs Medical Center, Department of
Veterans Affairs

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-02749

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Appellant Calvin Hickerson, Sr., appeals the district court's dismissal of his suit for failure to prosecute. Finding no abuse of discretion, we AFFIRM.

On July 6, 2005, Hickerson filed pro se a complaint alleging a personal injury claim against the Director of the United States Department of Veterans Affairs and others affiliated with Veterans Affairs. He claimed that he was improperly denied "veterans compensation benefits." Hickerson also filed an application for leave to proceed in forma pauperis, which the district court denied. On July 21, the district court ordered that Hickerson must submit the $250 filing fee by money order within 10 days.[1] Five months later on December 22, the district court dismissed the case, ordering the clerk to refuse any pleadings until the filing fees were paid. More than a year and a half later, on July 13, 2007, Hickerson paid the fees. Three days later, Hickerson filed a motion to amend his complaint, which the magistrate judge denied on August 24.

On October 25, the district court set the case for docket call on November 14, stating that "the case will be DISMISSED upon failure of [Hickerson] to report the status thereof or in the absence of good cause shown why the case should remain on the docket." After the docket call hearing was held, the district court found no good cause was shown and dismissed the suit for failure to prosecute without prejudice. Hickerson filed a motion for reconsideration, which the district court denied. Hickerson now appeals.

Hickerson's briefs do not address the district court's dismissal for failure to prosecute. He therefore waives appeal of this claim. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (explaining that issues not briefed are abandoned); see also Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987) (noting that general arguments are insufficient to preserve issues

---

[1] The court also ordered that Appellant submit a money order for $45 due to insufficient funds for a previously submitted check.

2

for appeal and that this court need not construct arguments or theories for pro se appellants).

In any event, our independent review of the record indicates the district court's judgment should be affirmed. This Court reviews the dismissal of an action for failure to prosecute for an abuse of discretion. See Berry v. Cigna/RSI-Cigna, 975 F.2d 1188, 1191 (5th Cir. 1992); FED.R.CIV.P. 41(b). A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b). McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

Rule 4(m) of the Federal Rules of Civil Procedure provides that if a plaintiff does not serve a defendant within 120 days after the complaint is filed, the court "shall dismiss the action without prejudice." There is no indication in the record that Hickerson served the defendants. Hickerson therefore has not shown that the district court abused its discretion in dismissing the suit without prejudice.

Here, however, the statute of limitations "prevents or arguably may prevent" additional litigation, and thus, the applicable standard of review is the one used for dismissals with prejudice. Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 213 (5th Cir. 1976). A district court's discretion to dismiss a suit under Rule 41(b) is narrower if the statute of limitations would bar refiling the suit. Berry, 975 F.2d at 1191. Nonetheless, in light of Hickerson's failure to serve the defendants prior to the running of the statute of limitations, our precedent indicates that the district court did not abuse its discretion in dismissing the action for failure to prosecute. See Veazey v. Young's Yacht Sale and Service, Inc., 644 F.2d 475, 478-79 (5th Cir. 1981) (holding that the district court did not abuse its discretion in dismissing with prejudice for failure to prosecute based on plaintiff's failure to serve until immediately prior to the running of the statute of imitations).

The district court's judgment is AFFIRMED.