# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-51096
Summary Calendar

In the Matter of: WALTER LEE HALL, JR.,

　　　　Debtor.

-------------------------------

WALTER LEE HALL, JR.,

　　　　Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 1:08-CV-630

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Walter Hall, Jr., moves for leave to proceed *in forma pauperis* ("IFP") from

the dismissal of his appeal of bankruptcy court proceedings for failure to pay the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

filing fees. The district court denied Hall's motion for leave to proceed IFP and certified that his appeal is not taken in good faith, noting that he had not paid the requisite filing fees. Hall argues, citing the insufficient financial document that he submitted before the bankruptcy court, that he is financially eligible to proceed IFP. He also contends that he seeks to raise the following issues on appeal: (1) whether 11 U.S.C. § 521(i)(1) violates the separation of powers doctrine; (2) if so, whether the bankruptcy court abused its discretion in refusing to reinstate his bankruptcy case; and (3) whether the bankruptcy court abused its discretion by allowing an untimely motion to invoke § 521(i)(1) to preclude a motion to reinstate.

Because Hall has not identified any error in the decision denying IFP, he has not briefed the relevant issue, *see Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding issues not adequately briefed are deemed abandoned), and his motion for leave to proceed IFP is denied. Additionally, because there is no error in the dismissal of Hall's appeal from the bankruptcy court on account of his failure to pay the filing fees, his appeal is dismissed as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

Hall's conduct before the district court and this court, including his failure to file or timely to file required documents, plainly indicates purposeful delay. Given the frivolous nature of Hall's appeal and his contumacious conduct, we caution that the filing of frivolous, repetitive, or otherwise abuse filings by Hall or on his behalf will invite sanctions. Such sanctions may include dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Hall should review any pending appeals to ensure that they do not raise frivolous arguments.

IT IS ORDERED that the motion for leave to appeal IFP is DENIED, the appeal is DISMISSED, and a SANCTION WARNING IS ISSUED.