# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40710
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2018

Lyle W. Cayce
Clerk

In the matter of: DAWNA MERYL VALENTINE,

Debtor

----------------------------------------

DAWNA VALENTINE,

Appellant

v.

JP MORGAN CHASE BANK NATIONAL ASSOCIATION, Successor by Merger to Chase Home Finance, L.L.C., its Successors and Assigns,

Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 3:17-CV-13

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

This appeal results from the district court's dismissal of a bankruptcy appeal for want of prosecution. Finding no abuse of discretion, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40710

**I.**

Appellant Dawna Valentine has filed numerous lawsuits since 2011, seeking to avoid foreclosure on and eviction from property located on Amberjack Drive in Texas City, Texas. She has also initiated several bankruptcy proceedings. As the district court explained, the instant appeal arises from "the interplay between Valentine's appeal of [a] state court Judgement for Possession and Valentine's latest bankruptcy proceeding."

On January 13, 2017, United States Bankruptcy Judge Marvin Isgur granted a motion by JP Morgan Chase asking that a bankruptcy stay be lifted. That same day, Valentine filed a notice of appeal in district court. A week later, Valentine filed an amended notice of appeal. The two notices were filed under different docket numbers.

On March 23, 2017, the district court entered a Notice of Deficiency, stating that Valentine had not paid the filing fee nor arranged to pay for the transcript designated from the bankruptcy court. The Notice of Deficiency warned Valentine that if she did not cure these deficiencies within fourteen days, "the district court may dismiss the appeal without further notice."

On April 3, 2017, Valentine sent a letter to the district court clerk's office requesting that the two cases be consolidated. In that same letter, Valentine indicated that she "[did] not have funds to pay for the appeal" and that she "filed proper documentation to be granted an IFP status." She also claimed she did not have the funds to pay for the transcript. That same day, she filed a "Judicial Notice" stating, *inter alia*, that "[i]t[']s obvious Appellant does not have funds to pay the fee for the appeal" and claiming that "Appellant submitted all relevant documents . . . for an IFP status and this IFP status shall be honored by the district court." She attached a notarized affidavit stating her annual income and the amount of money in her checking and savings accounts.

No. 17-40710

In the following months, Valentine continued to file motions without curing the deficiency. The district court denied the motions regarding her IFP status "without prejudice to re-urging after completion of the attached [Application to Proceed in District Court Without Prepaying Fees or Costs] form." The court's order included an attached copy of the form, yet the record shows that Valentine never submitted the attached form despite submitting additional motions, requests for "Judicial Notice," and affidavits that the court had already treated as deficient.

On June 21, the district court issued a "Memorandum Opinion and Order" and an "Order to Cure Deficiencies." The district court "decline[d] to consolidate these cases until certain procedural problems in both cases are addressed." The court then noted that Valentine had not paid the filing fees in either case, nor had she paid for the designated transcripts, despite the fact that the court had instructed Valentine to file the appropriate paperwork. Thus, the court ordered that the motion to consolidate in both cases was denied without prejudice to reurging, and instructed that if Valentine did not cure the listed deficiencies by July 7, 2017, both cases would be dismissed for want of prosecution.

Once again, instead of filing the requested form, Valentine filed a response to the court's order where she reiterated many of her complaints about the handling of her case. She also claimed that she had already filed the required documentation in January and February 2017, and thus the court was "requesting Appellant to do something already done" by requiring her to complete an IFP form. That same day, Valentine filed a new "Motion for Leave to Proceed Without Payment" and attached another affidavit containing essentially the same information as her previous affidavits. That same day, Valentine filed her first Notice of Appeal to this Court.

3

No. 17-40710

On July 11, 2017, the district court dismissed the case for want of prosecution and denied all pending motions as moot.

## II.

Valentine's brief does not address the district court's dismissal for failure to prosecute. She therefore waives appeal of this claim.[1] Even if her argument were not waived, however, our review of the record indicates that the district court did not abuse its discretion in dismissing the case.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss a claim for failure of prosecution.[2] While Rule 41(b) refers to a defendant's motion for dismissal, the Supreme Court has recognized the "inherent power" of district courts to dismiss *sua sponte* in order to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."[3] We review such dismissals for an abuse of discretion.[4]

Where, as here, the district court order does not specify whether a dismissal is with or without prejudice, "this [c]ourt has treated a dismissal for failure to prosecute as . . . a dismissal with prejudice."[5] We affirm such dismissals only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be

---

[1] *See Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008) (per curiam) (unpublished); *see also Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (noting that issues not briefed are abandoned).

[2] *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) (citing FED. R. CIV. P. 41(b)).

[3] *Link*, 370 U.S. at 631. *See also Boudwin v. Graystone Ins. Co. Ltd.*, 756 F.2d 399, 400 (5th Cir. 1985) (noting that "[t]his authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases").

[4] *Boudwin*, 756 F.2d at 400.

[5] *In re Wood*, 199 F. App'x 328, 331 (5th Cir. 2006) (per curiam) (unpublished); *see also Boudwin*, 765 F.2d at 400 n.1.

futile."[6] Typically, this involves "at least one of three aggravating factors . . . . includ[ing] (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant.'"[7]

Applying these standards to this case, we find that the district court acted within its discretion in dismissing Valentine's case.[8] The district court repeatedly notified Valentine that she needed to either pay the required filing fees or submit the appropriate form to proceed *in forma pauperis*, beginning with the Notice of Deficiency entered on March 23. Valentine continually ignored the court's urging, instead filing a variety of motions and judicial notices that did not cure the deficiencies. Given the court's repeated warnings, the record demonstrates that lesser sanctions were and would continue to be futile.

Thus, we AFFIRM the district court's dismissal.

---

[6] *In re Wood*, 199 F. App'x at 332 (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

[7] *Boudwin*, 756 F.2d at 401 (internal quotation marks omitted).

[8] *Cf. In re Hall*, 354 F. App'x 842, 843 (5th Cir. 2009) (per curiam) (unpublished) (finding "no error in the dismissal of the [appellant's] appeal from the bankruptcy court on account of his failure to pay the filing fees").