# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2021

Lyle W. Cayce
Clerk

No. 20-10498
Summary Calendar

———————

IN THE MATTER OF: WILLIAM PAUL BURCH

*Debtor*,

WILLIAM PAUL BURCH,

*Appellant*,

*versus*

FREEDOM MORTGAGE CORPORATION,

*Appellee*,

———————————————————

IN THE MATTER OF: WILLIAM PAUL BURCH

*Debtor*,

WILLIAM PAUL BURCH,

*Appellant*,

*versus*

JP MORGAN CHASE BANK NATIONAL ASSOCIATION,

*Appellee*,

———————————————————

No. 20-10498

IN THE MATTER OF:  WILLIAM PAUL BURCH

*Debtor*,

WILLIAM PAUL BURCH,

*Appellant*,

*versus*

HUGHES WATERS ASKANASE; MICHAEL WEEMS; SPECIALIZED LOAN SERVICING, L.L.C.; PADFIELD; STOUT, L.L.P.; MARK W. STOUT,

*Appellees*,

_____

IN THE MATTER OF: WILLIAM PAUL BURCH

*Debtor*,

WILLIAM PAUL BURCH,

*Appellant*,

*versus*

HOMEWARD RESIDENTIAL, INCORPORATED,

*Appellee*,

_____

IN THE MATTER OF: WILLIAM PAUL BURCH

*Debtor*,

WILLIAM PAUL BURCH,

*Appellant*,

*versus*

No. 20-10498

HOMEWARD RESIDENTIAL, INCORPORATED,

*Appellee*,

———————————————————————

IN THE MATTER OF: WILLIAM PAUL BURCH

*Debtor*,

WILLIAM PAUL BURCH,

*Appellant*,

*versus*

OCWEN LOAN SERVICING COMPANY,

*Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 4:20-CV-363, 4:20-CV-364, 4:20-CV-365,
4:20-CV-366, 4:20-CV-367, 4:20-CV-369

———————————————————

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

The underlying proceedings that led to this consolidated appeal began as six separate state court actions filed by Appellant William Paul Burch based on a Chapter 11 plan confirmed by a bankruptcy court in 2009. The defendants in each proceeding removed those claims either directly to the

———————————

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10498

Bankruptcy Court for the Northern District of Texas, or to the District Court for the Northern District of Texas, which referred those cases to the Bankruptcy Court for the Northern District of Texas under 28 U.S.C. § 157(a). The bankruptcy court denied Burch's motions to remand each of the cases and dismissed some of the cases under rules 12(b)(6) or 12(c). Burch appealed each of those decisions to the district court, including in some cases where the bankruptcy court had yet to rule on the merits. The district court denied Burch's request to proceed in forma pauperis ("IFP") and warned Burch that failure to pay the filing fee would result in dismissal. When Burch did not timely pay the filing fee, the district court dismissed his appeals. Burch then appealed to this court, arguing that the bankruptcy court lacked subject-matter jurisdiction over the removed cases. We DISMISS Burch's appeals against Homeward Residential, Inc. ("Homeward") and Ocwen Loan Servicing Corp. ("Ocwen") for lack of subject-matter jurisdiction and AFFIRM the district court's dismissal of the remaining appeals.

## I.

In 2006 and 2007, Burch and his wife, Juanita Burch, obtained mortgages on several properties in Texas. Each of those mortgages was held by the various defendant-appellants in this appeal. On December 1, 2008, the Burches filed for chapter 11 bankruptcy ("the 2008 Bankruptcy Case") to prevent foreclosure on the properties. On December 9, 2009, the Bankruptcy Court for the Northern District of Texas entered an order confirming a plan of reorganization under chapter 11 ("2009 Chapter 11 Plan"). The order accompanying the 2009 Chapter 11 Plan included provisions calling for the Burches and the mortgagees to "enter into a New [] Note" for each of the properties, and the order set the payment terms for these new notes.

Burch filed a second bankruptcy petition on December 28, 2012, also in the Bankruptcy Court for the Northern District of Texas. This petition

was filed under chapter 13 but was converted to chapter 11 on December 23, 2013. The defendant-appellees in this case filed proofs of claims in the 2012 bankruptcy case, which the bankruptcy court recognized. Nothing in the 2012 bankruptcy case chapter 11 plan or confirmation order indicated that the defendant-appellees' secured claims were void or disallowed because of language in the 2009 Chapter 11 Plan or because of events that took place after confirmation of the 2009 Chapter 11 Plan. The 2012 bankruptcy case was converted to chapter 7 on January 30, 2018, based on, among other things, Burch's defaults under the 2012 bankruptcy case's chapter 11 plan. The 2012 bankruptcy case is still pending.

In 2018, Burch began filing claims in Texas state courts against the defendant-appellants, generally asserting that the defendant-appellants failed to timely provide certain loan documents that he said the 2009 Chapter 11 Plan required, rendering the defendant-appellants' liens on Burch's properties void. Specifically, Burch alleges that the defendant-appellees failed to timely comply with the 2009 Chapter 11 Plan's requirement of new notes and mortgages on each of the properties, and this failure invalidates the original notes and liens. The defendant-appellants each removed those cases to federal courts based on either diversity jurisdiction—which were removed to the district court—or as cases related to the bankruptcy proceedings under 28 U.S.C. §§ 1334 and 1452—which cases were removed directly to the bankruptcy court.

The district court transferred the cases before it to the bankruptcy court, where Burch moved to remand to state court and the defendants all moved for dismissal under rules 12(b)(6) or 12(c). The bankruptcy court denied Burch's motions to remand in each of the cases, concluding that "none of the Motions identify any factual or legal basis challenging the initial removal of each case or justifying remand of any of the cases to a Texas state court." The bankruptcy court further concluded that Burch's "Motion fails

No. 20-10498

to identify any reason why this Court does not have subject matter jurisdiction over the Plaintiff's claims asserted in each of the Adversary Proceedings," and the bankruptcy court instead concluded that is has "core matter jurisdiction" over each of the removed cases under 28 U.S.C. § 157. The bankruptcy court determined that each removed case is premised on the 2008 chapter 11 case's bankruptcy plan, and the "the bulk, if not all, of Plaintiff's claims in each of the Adversary Proceedings attempt to collaterally attack the Court's prior orders relating to either the 2008 Bankruptcy Case and/or the 2012 Bankruptcy Case." In 2019 and early 2020, the bankruptcy court granted some of the defendant-appellees' motions to dismiss. Burch then appealed each of his cases to the district court, but the bankruptcy court had entered final judgment in only some of the cases; in others it had only denied Burch's motions for remand.

Before the district court, Burch sought leave to proceed IFP. The district court denied Burch's IFP request, relying in part on the bankruptcy court's designation of Burch as a vexatious litigant in concluding that Burch's appeals were not taken in good faith. The district court also denied Burch's motions for reconsideration of its decisions on the IFP motion. The district court then warned Burch that if the filing fees were not paid by May 12, 2020, his appeals "may be dismissed." After Burch failed to timely pay the required filing fee, the district court dismissed his appeals. Burch now appeals to this court, generally arguing that the bankruptcy court lacked subject-matter jurisdiction over the removed state-law claims. At the time Burch appealed to this court, the bankruptcy court had not entered final judgments in Burch's cases against defendant-appellees Homeward and Ocwen, leading the two defendant-appellees to seek dismissal for lack of subject matter jurisdiction. However, the bankruptcy court has since dismissed each of Burch's underlying cases.

No. 20-10498

## II.

We must first determine whether we have jurisdiction over each of Burch's appeals. Some of his appeals—the ones against Homeward and Ocwen—came to this court while the underlying proceedings against him were ongoing, but each of those cases has since been closed in the bankruptcy court.

Parties to a bankruptcy proceeding may appeal all of a bankruptcy court's final orders to the district court as of right. *Matter of Greene Cty. Hosp.*, 835 F.2d 589, 591 (5th Cir. 1988). The parties may also appeal final orders to the court of appeals as of right. *Id.* A district court may, in its discretion, take jurisdiction over interlocutory appeals from the bankruptcy court, but we have no such discretion; our jurisdiction over appeals from cases arising in bankruptcy court extends to all "final judgments, orders and decrees" entered by the district courts. 28 U.S.C. § 158(d), referencing subsection 158(a); *In re Greene Cnty. Hospital*, 835 F.2d 589, 590 (5th Cir. 1988) (noting that "28 U.S.C. § 158 limits circuit court jurisdiction to 'final' orders of district courts"). Accordingly, our jurisdiction over bankruptcy appeals is more limited than that of district courts—for us, the issue of finality is central.

If a district court's remand order requires extensive further proceedings in the bankruptcy court, then this court does not view the district court's order as final, and thus it is not appealable. *See In re Caddo Parish–Villas S., Ltd.*, 174 F.3d 624, 628 (5th Cir. 1999) ("A long, unbroken line of cases establishes the general rule in this circuit that a district court order is not a final order under section 158(d) where that order reverses an order of the bankruptcy court and remands the case to the bankruptcy court for significant further proceedings."). "In determining what constitutes 'significant further proceedings,' we distinguish between those remands requiring the bankruptcy court to perform 'judicial functions' and those

requiring mere 'ministerial functions.'" *In re Cortez*, 457 F.3d 448, 453 (5th Cir. 2006) (citation omitted). A remand order is not final when it requires a bankruptcy court to perform judicial functions or requires the exercise of judicial discretion. *Cortez*, 457 F.3d at 453 ("Remands that require the bankruptcy court to perform judicial functions, such as additional fact-finding, are not final orders and, therefore, are not appealable to this court." (citing *In re Aegis Specialty Mktg., Inc.*, 68 F.3d 919, 921 (5th Cir. 1995))).

Turning to this case, the notices of appeal in three of the cases below involving Homeward and Ocwen were from the bankruptcy court's denial of Burch's motion for remand, and so, when the district court dismissed those appeals, the underlying proceedings were still live, with significant motions pending before the bankruptcy court. "The district court's order [in those cases] is therefore not a final order, and as such, it is not appealable to this Court." *In re Yazoo Pipeline Co., L.P.*, 746 F.3d 211, 216 (5th Cir. 2014). The bankruptcy court, however, has since entered final judgment in Burch's cases against Homeward and Ocwen. But Burch did not appeal those decisions to the district court. Accordingly, in those cases, Burch appeals not the district court's dismissal of Burch's appeals, but rather the bankruptcy court's dismissal of the underlying actions. Accordingly, neither § 1452 nor § 158(d)(1), which confers appellate jurisdiction only over final decisions of the district court, affords us subject-matter jurisdiction over the Homeward-Ocwen appeals. *See Gomez*, 404 F. App'x at 855.[1]

The only remaining potential basis for our jurisdiction over the Homeward-Ocwen appeals—§ 158(d)(2)—is inapplicable. *See* 28 U.S.C.

---

[1] A bankruptcy court's decision not to remand, based not on equitable grounds but rather on subject-matter jurisdiction, is reviewable by the court of appeals. *See In re Bissonnet Investments LLC*, 320 F.3d 520, 525 (5th Cir. 2003). But no statute authorizes an appeal to this court from a bankruptcy court's denial of a remand motion before the bankruptcy court has entered a final order.

§ 158(d)(2)(A) (giving circuit courts discretion to hear a direct appeal from a bankruptcy court decision in the event the bankruptcy court, the district court, a bankruptcy appellate panel, or all appellants and appellees acting jointly make a statutory certification). Burch's failure to satisfy the statutory certification requirement concludes our jurisdictional inquiry. *See Bowles v. Russell*, 551 U.S. 205, 213 (2007) (stating that when an "appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction"). And even if Burch had tried to invoke § 158(d)(2)(A), certification would not have been proper given the straightforward legal issues before the bankruptcy court regarding the interpretation of its own orders in the 2009 Chapter 11 Plan. Accordingly we dismiss for want of jurisdiction *Burch v. Homeward*, Adv. No. 19-04075-mxm (district court case No.4:20-cv-366-A); *Burch v. Homeward*, Adv. No. 19-04074-mxm (district court case No. 4:20-cv-00367-A); and *Burch v. Ocwen*, Adv. No. 19-04039-mxm (district court case No. 4:20-cv-369-A).

## III.

Turning to the remaining cases, Burch's arguments are frivolous. He argues that the bankruptcy court lacked subject-matter jurisdiction over Burch's removed state-law claims. We review whether "a district or bankruptcy court possessed subject matter jurisdiction over a bankruptcy case de novo." *In re KSRP, Ltd.*, 809 F.3d 263, 266 (5th Cir. 2015). "A bankruptcy court's jurisdiction extends to all civil proceedings arising under title 11, or arising in or related to cases under title 11." *In Matter of Galaz*, 841 F.3d 316, 322 (5th Cir. 2016). A bankruptcy court also maintains "jurisdiction to interpret and enforce its own prior orders." *Galaz*, 841 F.3d at 322. "Subject matter jurisdiction remains in the bankruptcy court, even after a bankruptcy case is closed, to assure that the rights afforded to a debtor by the Bankruptcy Code are fully vindicated." *Id.* A bankruptcy court maintains "jurisdiction to interpret and enforce its own prior orders."

No. 20-10498

*Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). "Subject matter jurisdiction remains in the bankruptcy court, even after a bankruptcy case is closed, 'to assure that the rights afforded to a debtor by the Bankruptcy Code are fully vindicated.'" *In Matter of Galaz*, 841 F.3d 316, 322 (5th Cir. 2016) (quoting *Padilla v. Wells Fargo Home Mortg., Inc. (In re Padilla)*, 379 B.R. 643, 652 n.4 (Bankr. S.D. Tex. 2007)).

Regarding a district court's transfer of a proceeding to a bankruptcy court, 28 U.S.C. § 157(a) provides that "each district court may provide that proceedings arising under title 11 as core proceedings or arising in or related to a case under title 11, shall be referred to the bankruptcy judges for the district." A proceeding is "core" if "it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987). The district court may also refer a case to the bankruptcy judge if the case is related to a bankruptcy case. *Wood*, 825 F.2d at 93. A case is "related" to a bankruptcy proceeding if "the outcome of [the non-bankruptcy] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).

Burch's removed state-law claims plainly fit within these definitions. Each of Burch's state-court claims is premised on his interpretation of a Chapter 11 bankruptcy order, and so each arises from or is related to his Title 11 bankruptcy proceedings. Specifically, Burch alleges that the 2009 Chapter 11 Plan required the defendants to issue new mortgage notes within six months, and so the defendants' alleged failure to do so renders invalid their mortgage liens on his properties. Additionally, in the 2012 bankruptcy proceedings, the bankruptcy court entered additional orders pertaining to the properties and the continued validity of the notes and liens at issue. *See Burch v. Freedom Mort. Corp.*, 4:18-CV-01015-O-BP, 2019 WL 3021176, at *1 (N.D. Tex. July 2, 2019), *report and recommendation adopted*, 4:18-CV-01015-O-BP,

10

2019 WL 3006535 (N.D. Tex. July 10, 2019). The state law causes of action that Burch asserts bear on the interpretation and execution of the 2009 Chapter 11 Plan. Further, the removed cases would "conceivably affect" the bankruptcy estate by potentially negating the defendant-appellees secured claims, *Wood*, 825 F.2d at 93 (cleaned up), and so the district court properly transferred the removed cases to the bankruptcy court. Alternatively, the bankruptcy court and the district court also had diversity jurisdiction over Burch's suit against JP Morgan Chase Bank. Burch is a citizen of Texas, while JP Morgan Chase is a citizen of Ohio, and Burch expressly sought monetary damages from JP Morgan Chase in excess of $75,000.00. *See* 28 U.S.C. § 1332. Accordingly, both the district court and the bankruptcy court had jurisdiction over the removed cases.

## IV.

The bankruptcy court dismissed Burch's claims under rule 12(b) and 12(c), and the district court dismissed Burch's appeals from the bankruptcy court for failure to pay the filing fee after the district court denied Burch's request to proceed IFP. Burch argues that the bankruptcy court's rule 12 dismissals violate his Seventh Amendment rights. But a bankruptcy court's dismissal of claims pursuant to a valid 12(b)(6) motion does not violate a plaintiff's right to a jury trial under the Seventh Amendment. *See Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 n.5 (5th Cir. 2014); *McFarland v. Leyh*, 52 F.3d 1330, 1339 (5th Cir. 1995) ("No right to a jury trial arises if no jury issue is presented to the court."); *King v. Fidelity Nat. Bank of Baton Rouge*, 712 F.2d 188, 192-93 (5th Cir. 1983).

Finally, although Burch now contests the bankruptcy court's jurisdiction, he does not contest the district court's dismissal of his appeal for failure to pay the filing fee or the district court's denial of his motion to proceed in forma pauperis. While "the denial by a District Judge of a motion to proceed in forma pauperis is an appealable order," *Roberts v. U.S. Dist.*

*Ct.*, 339 U.S. 844, 845 (1950) (per curiam), Burch forfeited this issue by failing to brief it. *See, e.g.*, *United States v. Elashyi*, 554 F.3d 480, 494 (5th Cir. 2008). This court liberally construes pro se litigants' briefing, but even pro se litigants must brief their arguments to avoid forfeiture. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

In any case, even if Burch did not waive this issue, the district court did not abuse its discretion in dismissing Burch's appeals. This court "review[s] actions taken by the district court in its appellate role for an abuse of discretion." *In re CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000). The district court did not abuse its discretion in denying Burch's IFP motion or in dismissing Burch's appeal. A litigant seeking IFP status must submit an affidavit identifying all assets she possesses, as well as a statement that she is unable to pay the necessary fees of bringing a federal civil action. 28 U.S.C. § 1915(a)(1). "In proceedings brought in forma pauperis, the district court has discretion to dismiss the case if the allegation of poverty is untrue. 28 U.S.C. § 1915(d)." *Lay v. Justices-Middle Dist. Court*, 811 F.2d 285, 285 (5th Cir. 1987). Here, Burch submitted no affidavit, but instead provided a brief narrative about his social security income. The district court accordingly did not abuse its discretion in denying Burch's IFP motion. As for its subsequent dismissal for Burch's failure to pay the filing fees, this court has affirmed a district court's dismissal of a bankruptcy appeal for failure to pay the filing fees after denial of an IFP request. *In re Valentine*, 733 F. App'x 184, 187 (5th Cir. 2018) (per curiam); *In re Hall*, 354 F. App'x 842, 843 (5th Cir. 2009) (per curiam) (finding "no error in the dismissal of the [appellant's] appeal from the bankruptcy court on account of his failure to pay the filing fees").

## V.

We dismiss Burch's appeals against Homeward and Ocwen for want of jurisdiction, and we otherwise affirm the district court's dismissal of

Burch's remaining appeals. We also note that, after Burch filed a series of baseless motions, the bankruptcy court deemed Burch a vexatious litigant. Burch has continued his pattern of filing excessive and frivolous motions before this court. We warn Burch that any further frivolous or abusive filings in this court, the district court, or the bankruptcy court will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.