Wayne **BOUDWIN**, Plaintiff-Appellant,

v.

**GRAYSTONE INSURANCE COMPANY, LTD., et al., Defendants-Appellees.**

No. 84–3836.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 1, 1985.

Samanie & Barnes, Kenneth B. Givens, Herbert W. Barnes, Houma, La., for plaintiff-appellant.

Leach & Paysse, New Orleans, La., for defendants-appellees.

Frank J. Achary, Metairie, La., for Bill Monroe d/b/a Monroe Ins. Co.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Wayne Boudwin failed to appear at a docket call and the district court dismissed his complaint, with prejudice, for failure to prosecute. Because the record does not reflect egregious conduct and a clear record of delay, nor contain the district court's factual findings and conclusions that a lesser sanction would be insufficient, we vacate the order of dismissal and remand for reconsideration.

### Facts

During the summer of 1983 the M/V MISS BARBARA ANN was destroyed by fire. Boudwin filed the instant suit on March 5, 1984, seeking recovery under an insurance policy allegedly covering the vessel. The complaint was served on two of the four defendants. Boudwin settled with one of the two served defendants and a partial motion to dismiss was granted on May 23, 1984. Several telephone conferences between the court and counsel were scheduled but continued at the request of plaintiff's counsel because of the unperfected service on two of the remaining three defendants. On August 13, 1984 plaintiff moved to enroll a new co-counsel. That motion was granted.

On October 9, 1984, the clerk of court notified counsel that the case would be called before the court on November 7, 1984 and that "failure of counsel to report the status thereof or in the abssence [sic] of good cause shown why the case should remain on the docket, *it will be dismissed.*"[1] On October 24, 1984 the

---

1. This notice was issued pursuant to Local Rule 12.1 and 12.2 of the Rules of the Eastern District of Louisiana which provide for dismissal of dormant cases. We treat such dismissals as involuntary dismissals under Fed.R.Civ.P. 41(b). Local Rule 12.1 provides:

   At least once every 60 days in each section of the court, unless otherwise ordered by the judge thereof, the clerk shall call up to 15

clerk notified counsel that the instant case and 24 others were "reallotted to Ivan L.R. Lemelle, Magistrate Division (1)." Neither plaintiff nor his counsel appeared for the November 7, 1984 docket call and the case was ordered dismissed. An order of dismissal at plaintiff's cost was entered on November 14, 1984.

### Analysis

Fed.R.Civ.P. 41(b) authorizes the district court to dismiss a claim for failure of prosecution. Although the rule speaks of dismissal pursuant to a motion by the defendant,[2] a district court may dismiss *sua sponte*, with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). We review such dismissals under the abuse of discretion standard. *Rogers v. Kroger Co.*, 669 F.2d 317 (5th Cir.1982).

Dismissals with prejudice are "reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." *Rogers v. Kroger*, 669 F.2d at 320. *Jones v. Caddo Parish School Bd.*, 704 F.2d 206 (5th Cir. 1983). Those aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant. *Morris v. Ocean Systems, Inc.*, 730 F.2d 248 (5th Cir.1984).

In addition to the foregoing, the court must consider lesser sanctions. That consideration, and the court's findings that lesser sanctions would be inadequate, must be spread upon the record for "such findings of fact are essential for our considera-

tion of the inevitable argument that the dismissal was an abuse of its discretion." *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir.1984). In *Rogers*, 669 F.2d at 321–22 we noted several such lesser sanctions which might be considered: "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket."

Counsel was less than diligent in his efforts to secure service on the remaining two defendants. We are singularly unimpressed with his level of performance. But the case had been filed only eight months and the matter had not been totally dormant. There had been some minimal activity in the six months immediately preceding the docket call. From the present record we cannot plumb the extent of the plaintiff's personal responsibility, nor can we gauge any prejudice to the defendant or ascertain any intentional procrastination by the plaintiff or his counsel. And, as noted, we are not favored with the trial court's factual findings and reasons for not imposing a lesser sanction.

Because the record does not reflect those factors which would warrant dismissal with prejudice and lacks the requisite findings, we VACATE and REMAND for reconsideration.

---

cases, pending and undisposed of, in which no steps or proceedings appear to have been taken within six months. The call shall be for the regular day and time assigned for hearing motions and the clerk shall give written notice of such call to the trial attorney.

2. "For failure of the plaintiff to prosecute or to comply with these rules or any order of a court, a defendant may move for dismissal of an action or of any claim against him." Fed.R.Civ.P. 41(b).