**Ronnie JOHNSON and Buarnell Johnson, Plaintiffs,**

v.

**UNIVERSAL LIFE INSURANCE COMPANY, Defendant.**

Civ. A. No. J85–0226(L).

United States District Court, S.D. Mississippi, Jackson Division.

Nov. 7, 1985.

Glenn Allen Dailey, Moss Point, Miss., for plaintiffs.

Denise Sweet-Owens, Owens & Byrd, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on application of defendant Universal Life Insurance

Company (Universal) for judgment of dismissal with prejudice pursuant to Rules 37(b) and (c) and Rule 41(b) of the Federal Rules of Civil Procedure. Universal's application was filed with this court on September 26, 1985. Plaintiffs Ronnie and Buarnell Johnson have filed no response to Universal's application notwithstanding that a response is long overdue under Rule 8(D) of the rules of this court. Because the court is of the opinion that further sanctions against plaintiffs will not result in progress being made in this case, Universal's application to dismiss with prejudice will be granted upon the conditions provided hereinbelow.

Plaintiffs filed their original complaint in this cause, alleging bad faith breach of an insurance contract by Universal, on February 27, 1985. Universal filed its answer and defenses on April 24, 1985, together with its first set of interrogatories to plaintiffs. Plaintiffs failed to respond to the interrogatories and Universal's motion to compel discovery followed accordingly on June 20, 1985. A hearing was held before Magistrate John R. Countiss, III on July 12, 1985 but plaintiffs made no appearance. Magistrate Countiss, by order dated July 12, 1985, granted Universal's motion to compel discovery and ordered plaintiffs to respond to Universal's interrogatories within 20 days of the date of the order. On August 2, 1985, Universal, having received nothing from the plaintiffs, filed its motion to dismiss with prejudice. The motion was noticed for hearing before Magistrate Countiss on September 5, 1985. Again, plaintiffs failed to appear before the Magistrate and an order was entered allowing plaintiffs 10 extra days to respond to discovery, after which time an order was. to be entered imposing sanctions against plaintiffs in the amount of $500.00. The sanctions order was entered on September 12, 1985. Universal's application for judgment of dismissal with prejudice, with memorandum brief, was filed on September 26, 1985. Plaintiffs failed to respond to this motion and on October 30, 1985, the court entered an order imposing sanctions on plaintiffs in the amount of $50.00 for failure to file a timely response and further ordered plaintiffs to respond to Universal's application for judgment of dismissal by November 5, 1985. Plaintiffs have not complied with the order. As is clear from the foregoing, plaintiffs have persistently failed to abide by the orders of this court or prosecute this action one step beyond the filing of the complaint. By affidavit, Universal's counsel states that he has heard from plaintiffs' counsel only once since the complaint was filed and that repeated telephone calls to plaintiffs' counsel have produced no response and indeed have indicated that plaintiffs' counsel's telephone has been disconnected.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or an order of the court, a defendant may move for dismissal of an action or of any claim against it.

In *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir.1985), the Fifth Circuit stated the applicable test to be applied by a district court in determining the propriety of a Rule 41(b) dismissal:

> Dismissals with prejudice are 'reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors.' *Rogers v. Kroger,* 669 F.2d 317, 320 (5th Cir.1982); *Jones v. Caddo Parish School Bd.,* 704 F.2d 206 (5th Cir.1983). Those aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant. *Morris v. Ocean Systems, Inc.,* 730 F.2d 248 (5th Cir.1984). In addition to the foregoing, the court must consider lesser sanctions.

Additionally, the court in *Boudwin* placed upon the district courts in this circuit an affirmative duty to make factual findings relating to the existence *vel non* of the aggravating factors counseling dis-

missal and to state the reasons for not imposing a lesser sanction. 756 F.2d at 401.

■ The district court's authority to dismiss a cause with prejudice flows from its inherent power to control its docket and prevent undue delay in the disposition of pending cases. 756 F.2d at 401; *see also Ford v. Sharp,* 758 F.2d 1018, 1021 (5th Cir.1985). Where there has been a clear record of inexcusable delay and the court has provided the plaintiff with repeated opportunities to cure procedural defaults through the imposition of lesser sanctions, the district court does not abuse its discretion in dismissing the case with prejudice. *Callip v. Harris County Child Welfare Dept.,* 757 F.2d 1513 (5th Cir.1985); *Porter v. Beaumont Enterprise and Journal,* 743 F.2d 269 (5th Cir.1984).

■ The court is not here faced with a record of egregious conduct on the part of the plaintiffs tending to indicate the existence of intentional abuse of the rules of pleading and discovery. Rather, there is no record whatever from which the motivations behind the plaintiffs' delay can be discerned. The court is therefore unable to make the factual findings required by *Boudwin* relative to the reasons for plaintiffs' delay; however, the court does not interpret the cases construing Rule 41(b) prerequisites for dismissal in this circuit to require affirmative proof of malfeasance. Nonfeasance by the plaintiff in every stage of the proceedings is sufficient to create a clear record of delay for purposes of dismissing the action for want of prosecution. *See Callip v. Harris County Child Welfare Dept.,* 757 F.2d 1513 (5th Cir.1985). The converse of this conclusion would allow a plaintiff to avoid dismissal for want of prosecution by simply refusing to participate in the case in any form following filing of the complaint, or by refusing phone calls or disconnecting service, until he was in the mood to proceed. Failure to comply with the rules of pleading and discovery in such a manner amounts to want of prosecution.

The record in this case reflects that imposition of lesser sanctions has been futile. Magistrate Countiss has sanctioned plaintiffs in the amount of $500.00 by order dated September 12, 1985, yet plaintiffs have made no effort to respond to the court's orders. This court sanctioned plaintiffs in the amount of $50.00 by order dated October 30, 1985 and further instructed plaintiffs to respond to the instant motion by November 4, 1985, which instruction was also ignored. Clearly, therefore, further attempts to accomodate plaintiffs will, in all probability, meet with the same fate, and further sanctions will likely be unavailing.

Even in light of the clear record of delay by the plaintiffs in this cause, this court grants them an additional 15 days from the date of this order to file responsive pleadings and fulfill their duties under the rules of discovery, after which time and with no response from plaintiffs the court will enter a separate order dismissing the action with prejudice based upon the grounds set out in this opinion.

It is, therefore, ordered that plaintiffs shall have 15 days from this date within which to comply with the orders of this court and the rules of discovery. If, within that period, plaintiffs do not do so, defendant's application for dismissal with prejudice will be granted.