United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-30228
Summary Calendar

CHRIS L. AUGUSTINE, SR.,

Plaintiff-Appellant,

VERSUS

AVOYELLES PROGRESS ACTION COMMITTEE, INC, et al.

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Louisiana

(01-CV-1095)

Before BARKSDALE, EMILO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff, Chris L. Augustine, brings this appeal from the district court's dismissal of his case against defendants for lack of prosecution pursuant to Western District Local Rule of Civil Procedure 41.3W. We remand this case back to the district court to

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

consider and make express findings on the issue of whether lesser sanctions than dismissal would have accomplished the district court's purpose of expediting prosecution of the case.

On June 14, 2001, the plaintiff filed a complaint against the defendants alleging both state and federal claims. The merits of these claims are not before us now. Defendants did not respond to this complaint, and the clerk ordered a notice of default on August 20, 2001. The court rejected defendants' motion to set aside the default notice on October 17, 2001. No other formal action took place in the case after this point.

On February 13, 2002, the clerk's office issued a "Notice of Intent to Dismiss for Failure to Prosecute" pursuant to Local Rule 41.3W. This notice gave the plaintiff ten days to provide good cause why prosecution of the case had not gone forward or else be subject to dismissal. The plaintiff alleges that, upon receipt of this notice, he communicated by telephone with the clerk's office and explained to them that he was engaging in informal discovery. He further alleges that the clerk's office told him that the Notice would be withdrawn. The Notice was never withdrawn.

On August 7, 2002, the Chief Deputy Clerk entered a judgment of dismissal. The plaintiff filed a motion to vacate the dismissal, which the court denied on February 12, 2003. The plaintiff brings this appeal.

"We review a dismissal with prejudice for failure to prosecute

2

for abuse of discretion."[1] *Berry, Jr. v. Cignarsi-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992) (internal citations omitted). We will uphold dismissals with prejudice for failure to prosecute only when, *inter alia*, "the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* (citing *Price v. McGlathery*, 729 F.2d 472, 474 (5th Cir. 1986); *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519-21 (5th Cir. 1985); *Boudwin v. Graystone Insurance Co. Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985); *Morris v. Ocean Systems*, 730 F.2d 248, 252 (5th Cir. 1984)).

In this case, the district court did not make an express determination on the record that it considered lesser sanctions and found them inadequate to prompt diligent prosecution by the plaintiff. We cannot determine whether the district court abused its discretion without these findings. Accordingly, we REVERSE the judgment of the district court and REMAND for a determination of whether lesser sanctions would prompt diligent prosecution of the case by the plaintiff. *See Boudwin*, 756 F.2d at 400 (remanding a

---

[1]It is not entirely clear whether this dismissal is with or without prejudice. However, "[w]here further litigation of a claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used." *Berry,* 975 F.2d at 1191. We cannot determine which, if any, of the plaintiff's claims are time-barred based on this record. On remand, the court should determine whether this dismissal should be treated as one with or without prejudice.

case back to the district court and noting that "consideration [of lesser sanctions], and the court's finding that lesser sanctions would be inadequate, must be spread upon the record . . . ."); *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984) ("When a district court dismisses an action for prejudice for counsel's failure to prosecute, such findings of fact are essential for our consideration of the inevitable argument that the dismissal was an abuse of its discretion.").

REVERSED and REMANDED for proceedings consistent with this opinion.