# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-20195
Summary Calendar

VANCE WALZIER

Plaintiff-Appellant

v.

MCMULLEN, Lieutenant; GARCIA; Captain; HERNANDEZ, CO IV; RAMIREZ, CO IV; MCBRIDE, CO IV; CORRETHERS, CO IV; GLAZE, CO IV; FLORES, CO IV

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-2361

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Vance Walzier, Texas prisoner # 709706 appeals the dismissal of his pro se, in forma pauperis (IFP) civil rights complaint against officials at the Texas Department of Criminal Justice. Walzier's motion for oral argument is denied. The district court did not abuse its discretion when it dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B) Walzier's medical care claims because they amounted to claims of negligence. *See Harper v. Showers*, 174 F.3d 716, 718 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1999); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Nor did the district court abuse its discretion in dismissing as frivolous Walzier's claim that Defendants Hernandez, Ramirez, McBride, Correthers, Glaze, and Flores retaliated against him for filing grievances against other officers because Walzier failed to point to a specific constitutional right that these defendants violated. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Because Walzier does not brief the district court's dismissal of his claim against Captain Garcia, he has abandoned any appellate argument regarding the same. *See Hughes v. Johnson*, 191 F. 3d 607, 613 (5th Cir. 1993).

Walzier argues that the district court erred when it granted summary judgment for Lieutenant McMullen. We review the grant of a motion for summary judgment de novo. *Hinojosa v. Butler,* 547 F.3d 285, 295 (5th Cir. 2008). We will affirm a summary judgment if "'there is no genuine issue as to any material fact' and the moving party is 'entitled to judgment as a matter of law.'" *Id. (*quoting FED. R. CIV. P. 56(c)). We view the evidence and the inferences from the record in the light most favorable to the nonmovant. *Id.* (citation and internal quotation marks omitted).

"Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Whether a government official is entitled to qualified immunity for an alleged constitutional violation is determined by the two-step analysis of *Saucier v. Katz*, 533 U.S. 194 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808 (2009). *Lytle*, 560 F.3d at 409.

The threshold constitutional violation question is "whether, taking the facts in the light most favorable to the plaintiff, the officer's alleged conduct violated a constitutional right." *Id.* at 410 *(citing Saucier,* 533 U.S. at 201). If the court determines that there was a constitutional violation, the court moves

to the second step, which involves "determining whether the law was sufficiently clear that a reasonable officer would have known that his conduct violated the constitution. *Id.* Stated another way, the court asks "whether the law lacked such clarity that it would be reasonable for an officer to erroneously believe that his conduct was reasonable." *Id.*

The summary judgment evidence establishes that Walzier does not have Hepatitis C or AIDS, diseases he alleges were the result of contaminated food served to him after Lieutenant McMullen labeled him a snitch. Walzier fails to show that Lieutenant McMullen violated the Eighth Amendment in failing to protect Walzier. The summary judgment evidence reflects that Walzier instigated altercations with other inmates and that he has no health problems related to the food he was served. Absent a showing that other inmates harmed Walzier, there is no factual basis for a failure to protect claim. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994)*; Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003).

Nor can Walzier show a constitutional violation with respect to his claim that McMullen retaliated against him. Given that the summary judgment evidence establishes a clean bill of health for Walzier, he fails to show that he suffered more than de minimis retaliation. *See Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2008). Thus, the district court did not err when it granted summary judgment for Lieutenant McMullen. Additionally, because Walzier cannot show the denial of a constitutional right, his claim for nominal damages fails. *See Mayfield v. Texas Dept. of Criminal Justice*, 529 F.3d 599, 606 (5th Cir. 2008) (noting that a prisoner can, absent a showing of physical injury, pursue punitive or nominal damages based upon a violation of his constitutional rights).

This court need not address Walzier's claim that his due process rights were violated because of his status as a writ writer because he raises it for the first time on appeal. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000). Walzier's argument

that the district court could not order him to supply more specific facts to support his claims after Lieutenant McMullen alleged qualified immunity is unavailing. *See Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Nor was Walzier entitled to discovery on McMullen's qualified immunity defense. *See Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982); *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

Walzier argues that the district court erred when it dismissed his claims that the defendants conspired to deprive him of his Eighth and Fourteenth Amendment rights. Walzier's district court filings arguably alleged a claim that the defendants conspired to serve him tainted food and ignored his symptoms because he had filed grievances. The district court, however, did not identify a conspiracy claim. Even if the district court had done so, Walzier was not entitled to § 1983 relief for conspiracy. To establish a conspiracy claim under § 1983, Walzier had to show an actual violation of § 1983 and the defendants' agreement to commit an illegal act. *See Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995); *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). As the preceding discussion indicates, Walzier's allegations of a constitutional violation were either frivolous or subject to summary judgment.

The district court did not abuse its discretion when it denied Walzier's motion to file a second supplemental complaint. *See Burns v. Exxon Corp.,* 158 F.3d 336, 343 (5th Cir. 1998). Walzier sought to add additional claims and defendants when he had already been granted ample time and the means to do so and he appeared to be abusing the judicial process. *See Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985).

The judgment of the district court is affirmed. This court's affirmance of the district court's dismissal of certain of Walzier's claims as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Walzier is warned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is

incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED; MOTION DENIED; SANCTION WARNING ISSUED.