# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 18, 2013

Lyle W. Cayce
Clerk

No. 12-51272
Summary Calendar

PATRICK A. GUARDIOLA,

Plaintiff-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; ASSISTANT REGIONAL DIRECTOR B. ARMSTRONG; ASSISTANT WARDEN J. MARKUM; CAPTAIN KEVIN L. BENJAMIN; LIEUTENANT JEFFREY FURR, SR.; LIEUTENANT TERRENCE L. MOORE; SERGEANT DENNIS F. DALY; LIEUTENANT JOSHUA S. MORALES; SERGEANT ALPHONSO L. STEVENS; RICHARD TRACY, M.D.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CV-171

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Patrick A. Guardiola, Texas prisoner # 1644751, seeks leave to proceed in forma pauperis (IFP) on appeal from a district court judgment granting the defendants' summary judgment motion and dismissing his 42 U.S.C. § 1983

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

action against 10 officials and employees of the Texas Department of Criminal Justice (TDCJ). The district court denied Guardiola's IFP motion, certifying, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3), that the appeal was not taken in good faith.

By moving in this court for leave to proceed IFP, Guardiola is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To proceed IFP, a litigant must be economically eligible, and his appeal must be taken in good faith. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). An appeal is taken in good faith if it raises legal points that are arguable on the merits and thus nonfrivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

In support of his motion, Guardiola argues that the district court erred in finding that the Eleventh Amendment barred his claims for injunctive relief against Rick Thaler and Bruce Armstrong in their official capacities. Contrary to this argument, the district court dismissed only claims for damages against Thaler and Armstrong in their official capacities. Such a dismissal was proper. *See Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

As to the claims for injunctive relief against Thaler and Armstrong, Guardiola's allegations in his § 1983 complaint stemmed from the way the TDCJ dining hall policy was implemented on the Marlin Unit; however, Guardiola is now housed on the Polunsky Unit. Because he has not shown a demonstrated probability or a reasonable expectation of being returned to the Marlin Unit or of having the challenged conditions applied to his imprisonment on the Polunsky Unit, *see Oliver v. Scott*, 276 F.3d 736, 741-42 (5th Cir. 2002), Guardiola's claims for injunctive relief against Thaler and Armstrong in their official capacities do not raise legal points for appeal that are arguable on the merits. *See Howard*, 707 F.2d at 220.

As to the claims that the district court dismissed based on qualified immunity, Guardiola has not briefed a challenge to the court's rejection of his excessive force claim. He has thus abandoned that claim. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Guardiola's challenge to the district court's rejection of his claim about implementation of the TDCJ dining hall policy on the Marlin Unit does not raise a legal point for appeal that is arguable on the merits, *see Howard*, 707 F.2d at 220, because he has not shown the alleged conduct "violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known." *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006)(internal quotation marks and citation omitted); *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001).

Although Guardiola also argues that the district court erred in finding that he sued Kevin Benjamin and Jack Markum only as supervisors of the corrections officers who implemented the dining hall policy, the court dismissed on this basis solely those claims that were based on the doctrine of respondeat superior or vicarious liability. Any other claims that Guardiola raised against these defendants based on their active involvement in the alleged constitutional violations were not dismissed based on the doctrine of respondeat superior or vicarious liability but were instead dismissed when the district court addressed the merits of Guardiola's claims.

As to Guardiola's challenge to the district court's rejection of his claim that Dr. Richard Tracy acted with deliberate indifference to his serious medical needs, his arguments fail to raise legal points for appeal that are arguable on the merits. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Stewart v. Murphy*, 174 F.3d 530, 534-35 (5th Cir. 1999). Guardiola's challenge to the district court's rejection of his "state-created danger" claim likewise fails to raise a nonfrivolous legal point for appeal. *See Howard*, 707 F.2d at 220. We have never adopted the state-created danger theory of liability. *See Doe v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 863-65 (5th Cir. 2012) (en banc). Even if we had

adopted such a theory, Guardiola did not allege in his § 1983 complaint that he suffered harm inflicted by a private actor; therefore, the state-created danger theory is inapposite.

Guardiola next challenges the district court's denials of his motion for the entry of a default judgment against Terrence Moore; his motion to preserve video recordings; his motion to compel the production of medical records from September 2011 and a CT scan report from October 2011; his motion to compel the production of grievances against Alphonso Stevens; and his motion to supplement the pleadings. First, Guardiola has not shown that the district court abused its discretion by refusing to grant his motion for the entry of a default judgment against Moore. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

Second, Guardiola has not shown he was prejudiced by the district court's denial of his motion to preserve certain video recordings or compel the production of the September 2011 medical records and the October 2011 CT scan report. *See Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). Third, as to the grievances filed against Stevens, the district court agreed with the defendants that Guardiola's request was overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and would result in the production of sensitive information about other inmates. Because Guardiola has not briefed any challenge to this particular ruling, he has not raised a legal point for appeal that is arguable on the merits. *Howard*, 707 F.2d at 220.

Fourth, Guardiola has not shown that the district court abused its discretion in denying his motion to supplement the pleadings given that he sought to add an unexhausted claim against one of the defendants and did not exhaust that claim until a year after he initiated his § 1983 proceeding. *See Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (noting the district court's "inherent power to control its docket and prevent undue delays in the disposition of pending cases").

No. 12-51272

Finally, Guardiola observes that the district court's dismissal of his § 1983 action as frivolous will result in his forfeiture of good conduct time under Texas Government Code § 498.0045, which provides for the loss of good time credits when an inmate files frivolous lawsuits in state or federal courts. The district court, however, did not dismiss Guardiola's § 1983 action as frivolous; rather, the court granted the defendants' summary judgment motion and rejected Guardiola's request to proceed IFP on appeal, finding that his appeal was not taken in good faith. Guardiola has not otherwise briefed how this argument raises a legal point for appeal that is arguable on the merits. *See Howard*, 707 F.2d at 220.

Because Guardiola has not raised an arguable legal point for appeal, *see id.*, we deny his motion and dismiss his appeal as frivolous. *Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Guardiola is cautioned that if he accumulates three strikes under § 1915(g) he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.