# United States Court of Appeals for the Fifth Circuit

---

No. 24-50580

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2025

Lyle W. Cayce
Clerk

Jesus Yanez,

*Plaintiff—Appellant*,

*versus*

Dish Network, L.L.C., *doing business as* Dish Network;
Echosphere, L.L.C., *doing business as* Dish Network,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CV-129

---

Before Elrod, *Chief Judge*, and King and Graves, *Circuit Judges*.

King, *Circuit Judge*:

Appellant Jesus Yanez sued Appellees Dish Network, L.L.C. and Echosphere, L.L.C. for employment discrimination. The district court granted Appellees' motion to compel arbitration and transferred the case. Another district court ultimately dismissed the case without prejudice years later. By that time, the statute of limitations on Appellant's cause of action had run. Appellant now appeals both the grant of the motion to compel arbitration and the dismissal of the case. For the reasons stated below, we AFFIRM in part and REVERSE in part.

No. 24-50580

## I.

In 2001, EchoStar Communications Corporation ("EchoStar") hired Appellant Jesus Yanez as a customer service representative at its El Paso, Texas location. As part of his day one onboarding, Yanez allegedly signed an arbitration agreement purporting to bind Yanez, EchoStar, and all EchoStar affiliates to arbitrate disputes related to Yanez's "application for employment, employment and/or termination of employment." The agreement defined "affiliates" as those "companies controlling, controlled by or under common control with, EchoStar Communications Corporation." Starting in 2003, Yanez worked at a call center in Harlingen, earning a series of promotions and ultimately being transferred back to El Paso in 2014, where he remained until he was terminated in 2018.

During Yanez's employment, EchoStar underwent several corporate changes. In 2007, EchoStar filed a Definitive Information Statement with the SEC noting it was changing its name to DISH Network Corporation. By the next year, DISH Network Corporation had moved some of its assets into a new, separately traded company, EchoStar Corporation, but retained its customer service call centers. Both Appellees are wholly owned subsidiaries of DISH Network Corporation.

After his termination, Yanez filed discrimination claims with the Texas Workforce Commission Civil Rights Division and the Equal Employment Opportunity Commission. Both issued Yanez right to sue letters. Yanez then sued in Texas state court, alleging age and nationality discrimination. Appellees subsequently removed the case to federal court and filed a motion to compel arbitration. A magistrate judge granted the motion to compel arbitration over Yanez's opposition, stayed the case pending arbitration, and transferred it to the Western District of Texas, El Paso division, in line with the arbitration agreement's stipulation that

arbitration be conducted in El Paso. The district court affirmed the order over Yanez's objection.

Once in the Western District, the arbitration proceeded slowly, and the district court issued the parties three show cause notices requiring updates. Frustrated with the parties' "amorphous language" in a prior joint status update, the court then issued notice to the parties requiring that they file a status report every 90 days. The parties successfully met the update deadlines twice but then failed to file a required update. Two days later, the district court ordered the case dismissed without prejudice. Yanez then sought to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

Before the district court ruled on Yanez's 59(e) motion, the Supreme Court issued *Smith v. Spizzirri*, where it held that a district court may not dismiss a case instead of issuing a stay when the dispute is subject to arbitration under the Federal Arbitration Act ("FAA") and a party requests a stay pending arbitration. 601 U.S. 472, 474 (2024). A month later, the district court denied Yanez's motion, holding that "*Smith* still allows a trial court to dismiss a stayed FAA case so long as there is a valid 'separate reason' to do so," and identifying the parties' failure to file a status report as such a reason. This appeal followed.

## II.

### A.

"We start, as always, with jurisdiction." *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021). Appellees argue that if we find this case should not have been dismissed, we will lack appellate jurisdiction over Yanez's appeal of the order granting the motion to compel arbitration. We disagree. True, we generally lack jurisdiction over interlocutory orders such as those compelling arbitration. *See Doe v. Tonti Mgmt. Co., L.L.C.*, 24 F.4th 1005,

1009 (5th Cir. 2022). But here there is a final judgment, which allows us to review otherwise unreviewable interlocutory rulings. *See Dickinson v. Auto Ctr. Mfg. Co.*, 733 F.2d 1092, 1102 (5th Cir. 1983); *see also Spizzirri*, 601 U.S. at 478 ("If a district court dismisses a suit subject to arbitration even when a party requests a stay, that dismissal triggers the right to an immediate appeal where Congress sought to forbid such an appeal.").

**B.**

We review the grant of a motion to compel arbitration de novo, *Nelson v. Watch House Int'l, L.L.C.*, 815 F.3d 190, 192 (5th Cir. 2016), and the factual findings related to an arbitration agreement's enforceability for clear error, *Cal. Fina Grp., Inc. v. Herrin*, 379 F.3d 311, 315 (5th Cir. 2004). To determine whether Yanez and Appellees agreed to arbitrate this dispute, we ask two questions: (i) whether there was a valid agreement to arbitrate between the parties, and if so, (ii) whether this dispute falls within the scope of that agreement. *Nelson*, 815 F.3d at 192–93. We apply state contract law principles to determine if parties validly agreed to arbitrate a certain matter. *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Here, the parties agree that Texas law governs.

The parties dispute the first question—the validity of the agreement. In such cases, "the party moving to compel arbitration must show that the agreement meets all of the requisite contract elements." *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 688 (5th Cir. 2018); *see also In re JPMorgan Chase & Co.*, 916 F.3d 494, 502–03 (5th Cir. 2019). Appellees have met this burden under Texas law by producing an authenticated copy of the agreement. *See In re Builders Firstsource, Inc.*, No. 05-23-01246-CV, 2024 WL 4879684, at *9 (Tex. App.—Dallas Nov. 25, 2024, orig. proceeding) (mem. op.). Next, "where competent evidence showing the formation of an agreement to arbitrate has been presented," the non-moving party must "produce *some*

contrary evidence to put the matter 'in issue.'" *Gallagher v. Vokey*, 860 F. App'x 354, 357-58 (5th Cir. 2021); *see also Dickson v. Continuum Glob. Sols., LLC*, No. 3:21-CV-01528-K, 2022 WL 847215, at *2 (N.D. Tex. Mar. 22, 2022). Yanez makes multiple attempts to put the matter in issue.[1]

Yanez first argues that Appellees are not parties to the agreement and therefore cannot enforce it. As Yanez correctly notes, the agreement does not identify Appellees by name. But the agreement names EchoStar and its affiliates, EchoStar became DISH Network Corporation, DISH Network Corporation is the 100% owner of subsidiaries DISH Network, L.L.C. and Echosphere, L.L.C., and therefore both are "affiliates" who can enforce the arbitration agreement by its own terms. So, Yanez "cannot avoid arbitration by raising factual disputes about [his] employer's correct legal name." *In re Macy's Tex., Inc.*, 291 S.W.3d 418, 420 (Tex. 2009) (per curiam); *accord DISH Network L.L.C. v. Alexander*, No. 13-20-00240-CV, 2021 WL 3085763, at *6 (Tex. App.—Corpus Christi-Edinburg July 22, 2021, pet. denied) (mem. op.) ("[B]ecause a company's name change does not prevent it from invoking its own arbitration agreements, DISH is a proper party and may seek to enforce the arbitration agreement that [plaintiff] entered in 2004 with EchoStar before the name change.").

Yanez additionally argues that the agreement is invalid because it is signed neither by Yanez nor Appellees. As to his own signature, Yanez claims he "has no recollection of signing" the agreement. But to contest his agreement, he was required to both "'unequivocal[ly] den[y]' that he agreed

---

[1] In addition to the reasons addressed *infra*, Yanez also states that Appellees "failed to establish the Arbitration Agreement involved interstate commerce." Construing this reference to challenge the applicability of the Federal Arbitration Act, Yanez never substantively briefs, and therefore has forfeited, the argument. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021).

to arbitrate and produce 'some evidence' supporting his position." *Chester v. DirecTV, L.L.C.*, 607 F. App'x 362, 364 (5th Cir. 2015) (per curiam) (quoting *T & R Enters., Inc. v. Cont'l Grain Co.*, 613 F.2d 1272, 1278 (5th Cir. 1980)). Yanez does neither.[2] As to Appellees' signature, "neither the FAA nor Texas law requires that arbitration clauses be signed," *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 606 (Tex. 2005), and when no record evidence suggests "that the parties intended for a signature to be a condition precedent to the signing of an agreement, then a party's failure to sign the agreement does not render the agreement unenforceable, as long as it appears that the parties otherwise" consented to the agreement, *Wright v. Hernandez*, 469 S.W.3d 744, 758 (Tex. App.—El Paso 2015, no pet.).[3] Therefore, this argument lacks merit.

Yanez next asserts that that the agreement is illusory because it is not supported by consideration. Under the terms of the arbitration agreement, both Yanez and EchoStar mutually promised to submit certain disputes to

---

[2] Yanez provides a declaration stating that "[a]t no time during my employment with DISH Network, L.L.C. did I sign an agreement to arbitrate any claims with DISH Network, L.L.C." But this declaration does not move the needle, because as discussed *supra*, Yanez signed an agreement that named Echostar and its affiliates, and DISH Network, L.L.C. is an affiliate.

[3] Yanez's argument to the contrary relies on inapposite cases that involved arbitration agreements with clear indicators that *all* parties needed to sign. *See Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 689 (5th Cir. 2018) (holding signatures required because the arbitration agreement contained "(1) a statement that '[b]y signing this agreement the parties are giving up any right they may have to sue each other;' (2) a clause prohibiting modifications unless they are 'in writing and signed by all parties;' and (3) a signature block for the employer" (alteration in original)); *Hi Tech Luxury Imps., LLC v. Morgan*, No. 03-19-00021-CV, 2019 WL 1908171, at *2 (Tex. App.—Austin Apr. 30, 2019, no pet.) (mem. op.) (holding signatures required where agreement contained signature blocks for both employee and manager, place for manager to print name, and statement that "MY SIGNATURE BELOW ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS").

arbitration, and such mutual agreement satisfies the consideration requirement under Texas law unless one party "has the unrestrained unilateral authority to terminate its obligation to arbitrate." *Nelson*, 815 F.3d at 193 (quoting *Lizalde v. Vista Quality Mkts.*, 746 F.3d 222, 225 (5th Cir. 2014)). Yanez's arguments that Appellees had such authority are unavailing.[4]

Yanez further argues the arbitration agreement is void under Texas law because one provision—allowing either party to seek attorneys' fees in certain circumstances—allegedly conflicts with various fee-awarding statutes. But, because the agreement would grant Yanez his attorneys' fees if he prevails, it does not conflict with the statutes awarding attorneys' fees to the prevailing party. This argument is similarly unavailing.

Yanez has demonstrated no error on the part of the district court in granting the motion to compel arbitration. We AFFIRM.

## C.

Next, Yanez challenges the district court's decision to dismiss the case. We review dismissals without prejudice for abuse of discretion, *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998), but apply a heightened standard of review to dismissals with prejudice, *Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). And as Yanez correctly argues, the dismissal here

---

[4] Yanez notes that DISH Network's employee guidelines and handbook allowed it to amend its policies at any time. But nothing in either of those internal documents suggests that DISH had the ability to modify this arbitration agreement. And the arbitration agreement makes clear that it controls these kinds of disputes without reservation and shows no indication of an intent to incorporate by reference these internal documents. *See In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010) (per curiam).

was effectively with prejudice, and should be reviewed as such, because the statute of limitations likely bars him from refiling.[5] *Id.*

Appellees counter that although holding a dismissal without prejudice to the higher standard of a dismissal with prejudice is appropriate when a case is dismissed under Federal Rule of Civil Procedure 41(b), that treatment is inapplicable where, as here, the district court "dismissed the case under its inherent authority, not pursuant to Rule 41(b)." True, as both Appellees and the district court noted, Rule 41(b) does not itself impose a limit on a court's "inherent power" to dismiss sua sponte for lack of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). But "this Court *has* limited district courts' discretion to dismiss claims with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (emphasis added). And we have never observed the distinction suggested by Appellees.[6]

But there is another wrinkle. At the time the district court dismissed this case, it was entitled to do so regardless of the heightened standard because our circuit's authority "clearly support[ed] dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (affirming a dismissal with prejudice), *abrogated by Spizzirri*, 601 U.S.

---

[5] Appellees note that Yanez's claims "currently remain pending in arbitration with the American Arbitration Association." But even though the claims remain pending in arbitration, dismissal deprives Yanez of potential remedies. *See Spizzirri*, 601 U.S at 478 ("The FAA provides mechanisms for courts with proper jurisdiction to assist parties in arbitration . . . .").

[6] *See, e.g.*, *Millan*, 546 F.3d at 326 (applying heightened standard under Rule 4(m)); *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (applying heightened standard under Rules 16(f) and 37(b)(2)(C)); *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 400 & n.1 (5th Cir. 1985) (applying heightened standard under local rule, treating the court's dismissal for "failure of counsel to report the status thereof" as if it were an involuntary dismissal under Rule 41(b)).

472. Essentially, *Alford* recognized an exception to our heightened dismissal with prejudice standard for cases involving entirely arbitrable disputes. But *Spizzirri* changed the analysis.[7]

As *Spizzirri* announced: "When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." 601 U.S. at 475–76. In doing so, the Court caveated "[t]hat is not to say that the court is barred from dismissing the suit if there is a separate reason to dismiss, unrelated to the fact that an issue in the case is subject to arbitration." *Id.* at 476 n.2. The district court relied on this "separate reason" language to deny Yanez's motion to alter or amend the judgment, pointing to the parties' failure to file a joint status update. But the language does not mean that a district court may dismiss with prejudice for *any* separate reason. Instead, we read *Spizzirri* as abrogating the *Alford* exception to our heightened dismissal standard, while allowing dismissal with prejudice for separate reasons that meet the heightened standard. [8]

This reading is reinforced by the example of a "separate reason" the Court provides—where a court lacks jurisdiction. *Id.* Further, maintaining a high standard for dismissals with prejudice is consistent "with the

---

[7] "[C]hanges in precedent generally apply to cases pending on appeal . . . ." *Utah v. Su*, 109 F.4th 313, 319–20 (5th Cir. 2024); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 n.9 (5th Cir. 2005) ("[T]he potentially important change in decisional law occurred while the appellants' appeal was still pending. It is well-settled that in such cases the new law must be applied with the full force of the precedent that it is.").

[8] Appellees also suggest that, because Yanez did not argue this dismissal was effectively with prejudice before the district court, he has waived the argument here. But Yanez had no reason to argue the dismissal was with prejudice prior to *Spizzirri* because *Alford* applied whether the dismissal was with or without prejudice.

supervisory role that the FAA envisions for the courts." *Id.* at 478; *see also id.* ("Keeping the suit on the court's docket makes good sense in light of this potential ongoing role, and it avoids costs and complications that might arise if a party were required to bring a new suit and pay a new filing fee to invoke the FAA's procedural protections."). Although "[d]istrict courts can, of course, adopt practices to minimize any administrative burden caused by the stays that [the FAA] requires," *id.*, district courts in this circuit must still obey our limits on their ability to dismiss cases with prejudice, *Millan*, 546 F.3d at 326. Here, the heightened standard applies.

Under this heightened standard, dismissal is improper "unless the history of a particular case discloses both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). And "in most cases where this Court has affirmed dismissals with prejudice, we found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (alteration in original) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Here, the district court entered three separate show cause orders addressing "the parties abdicating their duty to provide joint status updates on arbitration proceedings," and the parties further failed to file a status report.[9] But the record does not reveal any delay caused by Yanez himself, nor prejudice to Appellees, nor intentional delay. And Yanez's "conduct, while certainly negligent, cannot be characterized as contumacious." *See*

---

[9] The district court does not appear to have imposed the reporting requirement until the last order. And therefore, it appears the parties only neglected to adhere to one court order.

*Millan*, 546 F.3d at 327. Yanez did not exhibit a "stubborn resistance to authority," *see id.* (citation omitted), but instead "inadvertently" failed to file a status report. As to the second requirement for a dismissal with prejudice, the district court did not warn the parties that failure to meet a status report deadline would result in death penalty sanctions because the court did not indicate that the dismissal would effectively be with prejudice. Thus, it is not clear that the district court considered a lesser sanction. Therefore, a dismissal that was effectively with prejudice was an abuse of discretion.

In summary, we hold that a district court may still dismiss with prejudice a case stayed pending arbitration when it has a separate reason, so long as that reason comports with our own heightened dismissal with prejudice standard. Because the dismissal here did not meet that heightened standard, it constituted an abuse of discretion. Accordingly, we REVERSE.

## III.

For the reasons stated above, we AFFIRM the district court's judgment compelling arbitration, REVERSE the district court's dismissal of the case, and REMAND for proceedings consistent with this ruling.